Memorandum Opinion by Justice Rodriguez[1]
On August 15, 2017, we issued a memorandum opinion conditionally granting the petition for writ of mandamus filed by relator Odebrecht Construction, Inc. (Odebrecht) in this original proceeding. See In re Odebrecht Constr., Inc. , No. 13-17-00289-CV, 2017 WL 3484526, at *1 (Tex. App.-Corpus Christi Aug. 15, 2017, orig. proceeding) (mem. op.). Thereafter, real party in interest Rodolfo Mora filed a motion for rehearing or en banc reconsideration, and Odebrecht filed a response to *743 that motion. See generally TEX. R. APP. P. 49. After due consideration of Mora's motion for rehearing, Odebrecht's response, and recent cases decided by the Texas Supreme Court, we grant rehearing in this case. Accordingly, we withdraw our August 15, 2017 memorandum opinion and the dissenting memorandum opinion, and we substitute this memorandum opinion denying Odebrecht's petition for writ of mandamus in their stead. We dismiss Mora's motion for en banc reconsideration as moot.
Through this original proceeding, Odebrecht seeks to compel the trial court to grant its motion to dismiss the underlying case against it as a legally "baseless" cause of action under Texas Rule of Civil Procedure 91a.[2] See generally TEX. R. CIV. P. 91a. Mora brought suit against Odebrecht for wrongful termination, alleging that Odebrecht terminated Mora's employment because Mora's son, a co-worker, suffered an injury at work and filed a claim for workers' compensation. Odebrecht contends that Mora's claim is a baseless cause of action under Texas Labor Code Chapter 451 because Mora failed to allege any facts to show that he "testified" or was "about to testify" in a workers' compensation proceeding. See TEX. LAB. CODE ANN. § 451.001(4) (West, Westlaw through 2017 1st C.S.). Odebrecht seeks to compel the trial court to: (1) vacate its order denying Odebrecht's motion to dismiss under Texas Rule of Civil Procedure 91a ; (2) grant its motion to dismiss; and (3) award Odebrecht its costs and attorney's fees. See TEX. R. CIV. P. 91a. Considering solely the pleading of Mora's cause of action, as we are required to do by the rules of civil procedure, we conclude that Mora's allegations, taken as true, have a basis in law. Accordingly, we deny the petition for writ of mandamus.
I. BACKGROUND
According to Mora's original petition, Mora was wrongfully terminated from his employment with Odebrecht when Mora's son filed a workers' compensation claim after being injured during the course and scope of his employment with Odebrecht. Mora alleged discrimination "pursuant to Chapter 451 of the Texas Labor Code." Odebrecht filed a motion to dismiss Mora's case under Texas Rule of Civil Procedure 91a on grounds that the facts alleged by Mora did not "state a cognizable legal claim under any of the narrow exceptions to Texas's at-will employment doctrine." Odebrecht asserted that Chapter 451 of the Texas Labor Code, which prohibits discrimination against employees involved in certain aspects of the workers' compensation process, is an exception to the doctrine, but that Mora's claims failed to fall within this statutory exception. In its motion to dismiss, Odebrecht specifically discussed section 451.001 of the Texas Labor Code and argued that Mora's petition failed to plead a cognizable claim under that section because, inter alia, that section did not extend protection from retaliatory discharge to "employee-relatives" of a workers' compensation claimant and Mora "does not (and based on the facts, could not) allege that he had testified or was about to testify in a contested workers' compensation hearing prior to his dismissal." See id. § 451.001(1) - (4). Odebrecht thus alleged that it had the right to terminate Mora based on his status as an "at-will" employee.
Mora subsequently filed a first amended petition which stated the following under a *744 heading entitled "Facts, Causes of Action, and Damages":
On or about January 22, 2016, Plaintiff was wrongfully terminated from his employment with Defendant ODEBRECHT. Plaintiff [was] discriminated against pursuant to Chapter 451 of the Texas Labor Code, when he was [terminated] just a few weeks after his son was injured while in the course and scope of his employment with Defendant ODEBRECHT.
Plaintiff RODOLFO MORA is the father of the injured employee JUAN MORA [who is the Plaintiff in a separate lawsuit, and a copy of the petition in that lawsuit is attached hereto as Exhibit "A"] and Foreman of the crew which employed the injured employee, his son JUAN MORA. He, his son and the crew were called in after the accident and told they were going to be terminated. The people who were terminated were witnesses to the accident and/or of the defective condition of the machinery which caused the employee, JUAN MORA to be entangled, almost killed, and severely injured.
One of the crew members who was not a family member was then pulled aside and then told he was-"wink, wink" going to be retained but was told this to make it appear it was a lay off even though there was additional work which needed be done, and there was not a reduction in force, that was being actually imposed.
As a proximate result of the aforementioned negligence, Plaintiff suffered damages. All of the above was caused by the negligence complained of herein.
As referenced in this pleading, Mora attached Exhibit "A," his son's original petition in Juan Mora v. Odebrecht Construction, Inc., Zachry Construction Corp., Zachry Industrial, Inc., David Defriese, individually and as agent for Zachry Construction Corp. and Zachry Industrial Inc., and Zachry-Odebrecht Parkway Builders , filed in trial court cause number C-3329-16-I in the 398th District Court of Hidalgo County, to his first amended petition.
After receiving additional briefing from the parties, the trial court denied Odebrecht's motion to dismiss. This original proceeding ensued. Odebrecht raises one issue through which it contends that Mora's claim that he was wrongfully terminated is a baseless cause of action under Texas Labor Code Chapter 451 because Mora failed to allege any facts to show that he "testified" or was "about to testify" in a workers' compensation proceeding. This Court requested and received a response to the petition from Mora and further received a reply to Mora's response from Odebrecht.
II. MANDAMUS
"Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal." In re Frank Motor Co. , 361 S.W.3d 628, 630 (Tex. 2012) (orig. proceeding); see In re Olshan Found. Repair Co. , 328 S.W.3d 883, 887 (Tex. 2010) (orig. proceeding); In re Prudential Ins. Co. of Am. , 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); Walker v. Packer , 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. In re Olshan Found. Repair Co. , 328 S.W.3d at 888 ; Walker , 827 S.W.2d at 840. Mandamus will not issue "when the law provides another plain, adequate, and complete remedy." In re Tex. Dep't of Family & Protective Servs. , 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding *745 ) (quoting In re Prudential , 148 S.W.3d at 135-36 ).
Mandamus is available to review a trial court's denial of a motion to dismiss under Texas Rule of Civil Procedure 91a. In re Essex Ins. Co. , 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); In re Butt , 495 S.W.3d 455, 460 (Tex. App.-Corpus Christi 2016, orig. proceeding). In laying the groundwork for a rule mandating the early dismissal of baseless causes of action, the Legislature has effectively already balanced most of the relevant costs and benefits of an appellate remedy, and mandamus review of orders denying Rule 91a motions comports with the Legislature's requirement for an early and speedy resolution of baseless claims. In re Butt , 495 S.W.3d at 460.
III. BASELESS CAUSES OF ACTION
In 2013, the Texas Supreme Court adopted Texas Rule of Civil Procedure 91a,[3] which governs the dismissal of baseless causes of action and which provides in pertinent part:
[A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in the law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.
TEX. R. CIV. P. 91a.1; see City of Dallas v. Sanchez , 494 S.W.3d 722, 724-25 (Tex. 2016) (per curiam). "A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." TEX. R. CIV. P. 91a.2. The rule allows the responding party to either nonsuit or amend the challenged cause of action at least three days before the date of the hearing on the motion to dismiss. See ids="6784869" index="14" url="https://cite.case.law/sw3d/494/722/#p724">id. R. 91a.5(a), (b).[4] "The trial court may, but is not required to, conduct an oral hearing on the motion." Id. R. 91a.6. Further, "the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by" the rules of civil procedure. Id. ; see City of Dallas , 494 S.W.3d at 725 ; Reaves v. City of Corpus Christi , 518 S.W.3d 594, 599 (Tex. App.-Corpus Christi 2017, no pet.) ; Koenig v. Blaylock , 497 S.W.3d 595, 599 (Tex. App.-Austin 2016, pet. denied) ; In re Butt , 495 S.W.3d 455, 461 (Tex. App.-Corpus Christi 2016, orig. proceeding) ; see also TEX. R. CIV. P. 59 (governing the incorporation of exhibits into pleadings).
We perform a de novo review of the trial court's ruling on a Rule 91a motion *746 to dismiss. See City of Dallas , 494 S.W.3d at 725 ; Parkhurst v. Office of Att'y Gen. of Tex. , 481 S.W.3d 400, 402 (Tex. App.-Amarillo 2015, no pet.) ; Wooley v. Schaffer , 447 S.W.3d 71, 76 (Tex. App.-Houston [14th Dist.] 2014, pet. denied) ; Dailey v. Thorpe , 445 S.W.3d 785, 788 (Tex. App.-Houston [1st Dist.] 2014, no pet.) ; City of Austin v. Liberty Mut. Ins. , 431 S.W.3d 817, 822 (Tex. App.-Austin 2014, no pet.) ; GoDaddy.com, L.L.C. v. Toups , 429 S.W.3d 752, 754 (Tex. App.-Beaumont 2014, pet. denied). We apply a de novo standard because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review. See City of Dallas , 494 S.W.3d at 725 ; Wooley , 447 S.W.3d at 75-76.
Texas is a fair notice pleading jurisdiction, and we apply this doctrine to Rule 91a motions to dismiss. Aguilar v. Morales , No. 08-15-00098-CV, 545 S.W.3d 670, 676-77, 2017 WL 192910, at *3 (Tex. App.-El Paso Jan. 18, 2017, pet. denied) ; Koenig , 497 S.W.3d at 599 ; In re Butt , 495 S.W.3d at 462 ; Wooley , 447 S.W.3d at 76. The fair notice criterion is a "relatively liberal standard." Low v. Henry , 221 S.W.3d 609, 612 (Tex. 2007) ; see TEX. R. CIV. P. 45 ("All pleadings shall be construed so as to do substantial justice."); TEX. R. CIV. P. 47 (requiring pleadings to contain "a short statement of the cause of action sufficient to give fair notice of the claim involved"). Under this standard, "a petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim." Kopplow Dev., Inc. v. City of San Antonio , 399 S.W.3d 532, 536 (Tex. 2013) ; see Roark v. Allen , 633 S.W.2d 804, 810 (Tex. 1982). The test for determining whether a petition provides fair notice is whether the opposing party can ascertain from the pleading the nature and basic issues presented by the controversy and what evidence might be relevant. First United Pentecostal Church of Beaumont v. Parker , 514 S.W.3d 214, 224-25 (Tex. 2017) ; Low , 221 S.W.3d at 612 ; Horizon/CMS Healthcare Corp. v. Auld , 34 S.W.3d 887, 896 (Tex. 2000). The fair-notice standard measures "whether the pleadings have provided the opposing party sufficient information to enable that party to prepare a defense or a response." First United Pentecostal Church of Beaumont , 514 S.W.3d at 224 ; see Kopplow Dev., Inc. , 399 S.W.3d at 536 ; Roark , 633 S.W.2d at 810.
Under this standard, we look to the pleader's intent and uphold the pleading "even if some element of a cause of action has not been specifically alleged" because "[e]very fact will be supplied that can be reasonably inferred from what is specifically stated." Roark , 633 S.W.3d at 809 (quoting Gulf, Colorado & Santa Fe Ry. Co. v. Bliss , 368 S.W.2d 594, 599 (Tex. 1963) ); see In re Lipsky , 460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding); Boyles v. Kerr , 855 S.W.2d 593, 601 (Tex. 1993) (op. on reh'g); see also Aldous v. Bruss , 405 S.W.3d 847, 857 (Tex. App.-Houston [14th Dist.] 2013, no pet.) ("It is not a valid objection to generally complain that the pleading does not set out enough factual details if fair notice of the claim is given."). Under fair notice pleading, a plaintiff is not required to "set out in his pleadings the evidence upon which he relies to establish his asserted cause of action." In re Lipsky , 460 S.W.3d at 590 (quoting Paramount Pipe & Supply Co. v. Muhr , 749 S.W.2d 491, 494-95 (Tex. 1988) ). However, we may not "use a liberal construction of the petition as a license to read into the petition a claim that it does not contain." In Estate of Sheshtawy , 478 S.W.3d 82, 87 (Tex. App.-Houston [14th Dist.] 2015, orig. proceeding). When applying the fair notice standard to our review of the pleadings *747 on a Rule 91a motion to dismiss, we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact. Aguilar , 545 S.W.3d at 676-77, 2017 WL 192910, at *3 ; Stallworth v. Ayers , 510 S.W.3d 187, 190 (Tex. App.-Houston [1st Dist.] 2016, no pet.) ; Koenig , 497 S.W.3d at 599 ; In re Butt , 495 S.W.3d at 462 ; Wooley , 447 S.W.3d at 76.
IV. APPLICABLE LAW
Odebrecht contends that Mora's cause of action for wrongful termination arising from his son's workers' compensation injury is a baseless cause of action under Texas Labor Code Chapter 451 because Mora failed to allege any facts to show that he "testified" or was "about to testify" in a workers' compensation proceeding. Mora responds that the Rule 91a proceeding should not function as a hearing on special exceptions or a summary judgment hearing and that if there is "any way, by the law or by the facts, conceivably existing" that he has a meritorious cause, "then the motion is not properly granted under its own terms." Mora further argues that Odebrecht has not similarly filed a motion to dismiss in his son's separate lawsuit as referenced above. See generally TEX. LAB. CODE ANN. §§ 417.001 -.004 (West, Westlaw through 2017 1st C.S.) (governing third-party liability in workers' compensation cases). Mora asserts that if Odebrecht believed that his claims were frivolous, it would have filed a motion to dismiss in that case, but it has not done so.
The general rule in Texas is that "absent a specific agreement to the contrary, employment may be terminated by either the employer or the employee at-will, for good cause, bad cause, or no cause at all." Montgomery Cty. Hosp. Dist. v. Brown , 965 S.W.2d 501, 502 (Tex. 1998) ; see Cmty. Health Sys. Prof'l Servs. Corp., v. Hansen , 525 S.W.3d 671, 681 (Tex. 2017) ; Matagorda Cty. Hosp. Dist. v. Burwell , 189 S.W.3d 738, 739 (Tex. 2006). The legislature has created several statutory exceptions to the employment-at-will doctrine. Sawyer v. E.I. Du Pont De Nemours & Co. , 430 S.W.3d 396, 399 (Tex. 2014) ; Martin v. Clinical Pathology Labs., Inc. , 343 S.W.3d 885, 891 (Tex. App.-Dallas 2011, pet. denied). For example, statutory causes of action exist in favor of employees who are terminated for filing workers' compensation claims in good faith because of jury service, or because of their race, color, disability, religion, sex, national origin, or age. See Martin , 343 S.W.3d at 891 (collecting examples and citing TEX. LAB. CODE ANN. §§ 451.001 -.003 (West, Westlaw through 2017 1st C.S.), TEX. CIV. PRAC. & REM. CODE ANN. §§ 122.001 -.002 (West, Westlaw through 2017 1st C.S.), TEX. LAB. CODE ANN. §§ 21.051, 21.254 (West, Westlaw through 2017 1st C.S.)).[5]
Odebrecht's arguments in this case focus on Section 451.001 of the Texas Labor Code, which provides statutory exceptions to the employment-at-will doctrine:
A person may not discharge or in any other manner discriminate against an employee because the employee has:
*748 (1) filed a workers' compensation claim in good faith;
(2) hired a lawyer to represent the employee in a claim;
(3) instituted or caused to be instituted in good faith a proceeding under Subtitle A; or
(4) testified or is about to testify in a proceeding under Subtitle A.
TEX. LAB. CODE ANN. § 451.001 ; see Kingsaire, Inc. v. Melendez , 477 S.W.3d 309, 312 (Tex. 2015) ; Cardenas v. Bilfinger TEPSCO, Inc. , 527 S.W.3d 391, 399 (Tex. App.-Houston [1st Dist.] 2017, no pet.). An employer who violates this statute is subject to a retaliation claim, which is an exception to the traditional doctrine of employment at-will found in Texas law. Kingsaire, Inc. , 477 S.W.3d at 312 ; Cont'lCoffee Prods. Co. v. Cazarez , 937 S.W.2d 444, 453 (Tex. 1996) ; Cardenas, Inc. , 527 S.W.3d at 399 ; Lozoya v. Air Sys. Components, Inc. , 81 S.W.3d 344, 347 (Tex. App.-El Paso 2002, no pet.) ; Jenkins v. Guardian Indus. Corp. , 16 S.W.3d 431, 435 (Tex. App.-Waco 2000, pet. denied).
The statute is intended to protect persons entitled to benefits under the Texas Workers' Compensation Act and to prevent them from being discharged for filing claims to collect those benefits. Trico Tech. Corp. v. Montiel , 949 S.W.2d 308, 312 (Tex. 1997) ; Lozoya , 81 S.W.3d at 347. An employee must show that the employer's prohibited action would not have occurred when it did absent the employee's protected conduct. Trico Tech. Corp. , 949 S.W.2d at 312 ; Cont'lCoffee Prods. Co. , 937 S.W.2d at 450 ; Echostar Satellite L.L.C. v. Aguilar , 394 S.W.3d 276, 286 (Tex. App.-El Paso 2012, pet. denied). An employee generally may rely on circumstantial evidence to prove causation. Kingsaire, Inc. , 477 S.W.3d at 312. Such circumstantial evidence may include knowledge of the compensation claim by the decision-maker to terminate, an employer's expression of a negative attitude toward the employee's injury, an employer's discriminatory treatment of the employee compared with similarly situated employees, an employer's failure to adhere to established company policy, and evidence that the employer's stated reason for termination was false. Id. ; Cazarez , 937 S.W.2d at 451. An additional factor is temporal proximity of the termination to the date of the injury or claim. Echostar Satellite L.L.C. , 394 S.W.3d at 288.
V. ANALYSIS
Odebrecht has asserted that Mora's alleged cause of action for retaliatory discharge and wrongful termination has no basis in the law. See TEX. R. CIV. P. 91a.1. Mora has alleged that he was "wrongfully terminated" by Odebrecht and that he was "discriminated against" under Chapter 451 of the Texas Labor Code. On original submission, we concluded that Mora's own allegations, taken as true, triggered a "clear legal bar" to his claim because the at-will employment doctrine barred Mora's claims for retaliatory discharge. See In re Odebrecht Constr., Inc. , No. 13-17-00289-CV, 2017 WL 3484526, at *5. We concluded that, examined liberally, Mora's first amended petition did not allege any facts that would support a conclusion that Odebrecht's conduct regarding Mora fell within any of the exceptions to the employment-at-will doctrine contained in labor code section 451.001. See itation index="79" url="https://cite.case.law/citations/?q=2017%20WL%203484526">id.
After carefully examining Mora's motion for rehearing, the response, and intervening case law issued by the Texas Supreme Court regarding Rule 91a dismissals, we conclude that the correct analysis of this case is informed by two developing tenets regarding the proper application of Rule 91a.
*749 First, in examining the propriety of a motion to dismiss under Rule 91a, our review is narrowly focused on the plaintiff's pleading of the cause of action. The rule itself expressly prohibits the consideration of evidence in ruling on the motion to dismiss and mandates that we must decide the motion based "solely on the pleading of the cause of action." TEX. R. CIV. P. 91a.6.[6] The Texas Supreme Court recently emphasized this portion of the rule in rejecting an argument that a party who lost a motion to dismiss under Rule 91a, but was subsequently granted summary judgment on those same claims, should be awarded attorney's fees as a prevailing party under Rule 91a. ConocoPhillips Co. v. Koopmann , No. 16-0662, 547 S.W.3d 858, 880-81, 2018 WL 1440639, at *16 (Tex. Mar. 23, 2018). The supreme court held that "it is irrelevant that the arguments Burlington made in its motion for summary judgment were the same as those it asserted in its motion to dismiss because a motion to dismiss is decided on the plaintiff's pleadings." Id. ; see TEX. R. CIV. P. 91a.6; City of Dallas , 494 S.W.3d at 724. The court ultimately held that the movant was not entitled to recover attorney's fees as the prevailing party on the motion under Rule 91a when it received an adverse ruling on that motion, did not challenge the ruling at that time, and later prevailed on its motion for summary judgment, which became final when it was not appealed. ConocoPhillips Co., 547 S.W.3d at 880-81, 2018 WL 1440639, at *16.
Second, the supreme court recently emphasized that a Rule 91a motion to dismiss is one that "address[es] the pleadings or the deficiency of a cause of action" in contrast to other motions that seek dismissal or resolution of a lawsuit on other grounds. AC Interests, L.P. v. Tex. Comm'n on Envtl. Quality , No. 16-0260, 543 S.W.3d 703, 706-07 , 2018 WL 1440145, at *2 (Tex. Mar. 23, 2018). In AC Interests , the movant's Rule 91a motion requested the dismissal of a case because the plaintiff had failed to comply with a statutory requirement-the *750 timely service of citation. Id. The supreme court concurred with the First Court of Appeals's determination that a Rule 91a motion to dismiss "was not the proper motion to file" to address that circumstance. Id. The supreme court thus limited the scope of Rule 91a dismissals to the grounds presented by the rule and indicated that these motions should not be utilized as a substitute for general motions to dismiss or motions that seek to resolve cases on their merits. See generally itation index="90" url="https://cite.case.law/citations/?q=2018%20WL%201440145">id.
We apply these holdings to the case at hand, bearing in mind that Rule 91a provides a harsh remedy that should be strictly construed. See Bedford Internet Office Space, L.L.C. v. Tex. Ins. Grp., Inc. , 537 S.W.3d 717, 720 (Tex. App.-Fort Worth 2017, pet. filed) ; Gaskill v. VHS San Antonio Partners, L.L.C. , 456 S.W.3d 234, 238 (Tex. App.-San Antonio 2014, pet. denied). We conclude that Mora's first amended petition provides sufficient facts to give fair notice of his claim. See First United Pentecostal Church of Beaumont , 514 S.W.3d at 224-25 ; Low , 221 S.W.3d at 612. And, in analyzing Mora's first amended petition under the relevant law, we conclude that nothing in the pleading itself triggers a clear legal bar to his claim. See Reaves , 518 S.W.3d at 608 ; Guillory v. Seaton, L.L.C. , 470 S.W.3d 237, 243-44 (Tex. App.-Houston [1st Dist.] 2015, pet. denied). Mora has alleged a cause of action for wrongful termination, and Texas recognizes such a cause of action under different factual scenarios as we have discussed here. In this regard, we note that none of the factual or legal assertions in Mora's petition negate his alleged cause of action. To ascertain whether Mora's claim has no basis in law, we would need to look beyond Mora's pleading, and this expanded scope of review is prohibited by Rule 91a. See TEX. R. CIV. P. 91a.6; ConocoPhillips Co. , 2018 WL 1440639, at *16. Further, Odebrecht's motion to dismiss involves a type of review that is not contemplated by Rule 91a insofar as it appears to invoke a contest about the facts of the case-that is, whether Mora could testify in a worker's compensation proceeding-rather than addressing the pleadings. See TEX. R. CIV. P. 91a.1; AC Interests, L.P. , 543 S.W.3d at 706-07, 2018 WL 1440145, at *2. However, in resolving a Rule 91a motion, we do not consider evidence and we do not weigh the evidence that the plaintiff or defendant offers or intends to offer. See TEX. R. CIV. P. 91a.6. Rather, we look solely to the pleading of the cause of action, and we examine whether relief could be granted on any set of facts that could be proved consistent with the allegations. See itation index="100" url="https://cite.case.law/citations/?q=2018%20WL%201440145">id. Thus, a motion to dismiss under Rule 91a was not the proper motion to address Odebrecht's arguments regarding Mora's alleged cause of action.
Under these circumstances, we conclude that the trial court did not abuse its discretion by denying the Rule 91a motion to dismiss. See , e.g. , In re Essex Ins. Co. , 450 S.W.3d at 527 ; In Estate of Sheshtawy , 478 S.W.3d at 86. Mora's allegations, taken as true, together with inferences reasonably drawn from them, present a cause of action against Odebrecht that would entitle Mora to the relief sought on his case for wrongful discharge. See TEX. R. CIV. P. 91a. We conclude that the trial court did not err in denying Odebrecht's Rule 91a motion to dismiss.
VI. ATTORNEY'S FEES
Odebrecht contends that the trial court must award it attorney's fees and costs. Rule 91a mandates an award of attorney's fees to the prevailing party. TEX. R. CIV. P. 91a.7; see TEX. CIV. PRAC. & REM. CODE ANN. § 30.021 (West, Westlaw through 2017 1st C.S.); In re Butt , 495 S.W.3d at 467 ;
*751 Guillory , 470 S.W.3d at 243-44 ; Weizhong Zheng v. Vacation Network, Inc. , 468 S.W.3d 180, 187 (Tex. App.-Houston [14th Dist.] 2015, pet. denied). Because Mora is now the prevailing party on the motion to dismiss, Odebrecht is not entitled to an award of costs and attorney's fees. See TEX. R. CIV. P. 91a.7; Zheng , 468 S.W.3d at 187. Upon consideration of this matter in the trial court, the trial court shall convene a hearing to consider evidence regarding costs and fees in determining the amount of the award to issue in favor of Mora as the prevailing party. See TEX. R. CIV. P. 91a.7.
VII. CONCLUSION
The Court, having examined and fully considered the petition for writ of mandamus, the response, the reply, the pleadings on rehearing, and the applicable law, concludes that Odebrecht has not met its burden to obtain mandamus relief. Accordingly, we lift the stay previously imposed in this cause. See TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We deny the petition for writ of mandamus.

See Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions); ids="6842693" index="107" url="https://cite.case.law/sw3d/468/180/#p187">id. R. 52.8(d) ("When denying relief [in an original proceeding], the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case.").

This original proceeding arises from trial court cause number C-0468-17-H in the 389th District Court of Hidalgo County, Texas, and the respondent in this cause is the Honorable Letty Lopez. See Tex. R. App. P. 52.2.

When we construe rules of procedure, we apply the same rules of construction that govern the interpretation of statutes. Ford Motor Co. v. Garcia , 363 S.W.3d 573, 579 (Tex. 2012) ; In re Christus Spohn Hosp. Kleberg , 222 S.W.3d 434, 437 (Tex. 2007) (orig. proceeding); In re CompleteRx, Ltd. , 366 S.W.3d 318, 323 (Tex. App.-Tyler 2012, orig. proceeding). We liberally construe the rules of civil procedure to obtain "just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law" with "as great expedition and dispatch and at the least expense to both the litigants and to the state as may be practicable." Tex. R. Civ. P. 1 ; see Huston v. U.S. Bank Nat'l Ass'n , 359 S.W.3d 679, 681 (Tex. App.-Houston [1st Dist.] 2011, no pet.).

Mora's original petition was filed against Odebrecht in January of 2013. Mora filed a first amended petition after Odebrecht filed its motion to dismiss. Mora's first amended petition is the live pleading under consideration in this proceeding.

To date, the Texas Supreme Court has recognized only one common-law exception to the employment-at-will doctrine that addresses the discharge of an employee for the sole reason that the employee refused to perform an illegal act. Sawyer v. E.I. Du Pont De Nemours & Co. , 430 S.W.3d 396, 399 (Tex. 2014) ; Martin v. Clinical Pathology Labs., Inc. , 343 S.W.3d 885, 891 (Tex. App.-Dallas 2011, pet. denied) ; see Sabine Pilot Serv., Inc. v. Hauck , 687 S.W.2d 733, 735 (Tex. 1985). This exception is not at issue in this case.

We note that there is an apparent inconsistency in the intermediate appellate courts concerning Rule 91a motions to dismiss that are premised on affirmative defenses. In a well-reasoned opinion, our sister court of appeals in Fort Worth reversed an order granting a Rule 91a dismissal based on an affirmative defense because the resolution of the motion to dismiss required consideration of the defendant's pleadings. Bedford Internet Office Space, L.L.C. v. Tex. Ins. Grp. , 537 S.W.3d 717, 720 (Tex. App.-Fort Worth 2017, pet. filed). In this analysis, the party asserting an affirmative defense bears the burden of both pleading and proving the defense, the defense is waived without pleadings to support it, and a plaintiff may recover on its claim notwithstanding the availability of the affirmative defense to defeat its claim. See ids="12410950" index="116" url="https://cite.case.law/sw3d/537/717/#p720">id. The court stated that the "plain language of [Rule 91a ] requires the trial court to wear blinders to any pleadings" other than the pleading of the cause of action. Id. Accordingly, the court held that the trial court erred in granting the Rule 91a motion to dismiss because it was required to look beyond the plaintiff's pleadings and consider whether the defendant raised the affirmative defense in its pleadings. See ids="12410950" index="118" url="https://cite.case.law/sw3d/537/717/#p720">id. In contrast, several courts have appeared to consider whether the application of an affirmative defense could be established solely by reference to the plaintiff's petition. See, e.g. , Parkhurst v. Office of Att'y Gen. of Texas , 481 S.W.3d 400, 401 (Tex. App.-Amarillo 2015, no pet.) ; see also Galan Family Tr., through Galan Family, L.L.C. v. State , No. 03-15-00816-CV, 2017 WL 744250, at *3 (Tex. App.-Austin Feb. 24, 2017, pet. denied) (mem. op.). This issue is not dispositive here, and we need not further address it in this original proceeding. However, we note several cases classify the at-will employment doctrine as an affirmative defense. See, e.g. , Double Ace, Inc. v. Pope , 190 S.W.3d 18, 28 (Tex. App.-Amarillo 2005, no pet.) ; Crow v. Rockett Special Util. Dist. , 17 S.W.3d 320, 330 (Tex. App.-Waco 2000, pet. denied) (same), disapproved of on other grounds by Binur v. Jacobo , 135 S.W.3d 646 (Tex. 2004) ; Vaughn v. Sturm-Hughes , 937 S.W.2d 106, 108 (Tex. App.-Fort Worth 1996, writ denied) (same).