

# NUMBER 13-18-00267-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

CHANG HO SONG,                                                          **Appellant,**

**v.**

HOON KU LEE, YUNG SANG LEE AKA
RAYMOND LEE, AND HUNG JU PARK,                      **Appellees.**

---

**On appeal from the 370th District Court
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Contreras, and Benavides
Memorandum Opinion by Justice Rodriguez**

Appellant Chang Ho Song appeals from an order granting a motion to dismiss filed

by appellees Hoon Ku Lee, Yung Sang Lee aka Raymond Lee,[1] and Hung Ju Park

(collectively Lee) pursuant to the Texas Citizens Participation Act (TCPA or anti-SLAPP

---

[1] We note that Yung Sang Lee is also referred to as Young Sang Lee in the trial court documents.

statute). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003 (West, Westlaw through 2017 1st C.S.). We dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).

## I. BACKGROUND

On January 19, 2018, Song filed suit alleging that Lee had engaged in conduct constituting defamation and libel that caused him damage. Song's second amended petition asserted claims for defamation, libel/slander per se, common law defamation per se, and negligence. Song also alleged intentional infliction of emotional distress, tortious interference with contract/employment, and invasion of privacy/intrusion of seclusion.

Lee filed a motion requesting the dismissal of Song's defamation and libel claims under the TCPA because Song had not presented clear and specific evidence to establish a prima facie case for each element of his claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c) (West, Westlaw through 2017 1st C.S.). Lee also claimed that he had established by a preponderance of the evidence each essential element of his valid defense. *See id.* § 27.005(d). Song filed a partial response with objections, a supplemental response, and a second supplemental response. On May 7, 2018, the trial court granted Lee's motion to dismiss and signed an order dismissing Song's defamation and libel claims with prejudice.[2] The order contained no language finally disposing of all claims and parties.

---

[2] The trial court's order set out that it heard Lee's motion to dismiss pursuant to chapter 27 and rule 91a. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.003 (West, Westlaw through 2017 1st C.S.); TEX. R. CIV. P. 91a. However, Lee filed no rule 91a motion upon which the trial court could have ruled. *See* TEX. R. CIV. P. 91a.

Song filed his notice of appeal "from an Order Granting Dismissal pursuant to Texas Citizens Participation Act (TCPA)." In his notice, Song set out that he filed this "accelerated appeal from an order of partial dismissal dated May 7, 2018." He also stated that his accelerated appeal did "not concern a parental termination or child protection case, as defined in [r]ule 28.4." *See* TEX. R. APP. P. 28.4. Song did not assert that it was an agreed interlocutory appeal or a permissive appeal. *See id.* R. 28.2, 28.3. And the notice provided no statutory authority for an accelerated interlocutory appeal from an order *granting* a TCPA motion. *Cf.* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.003, 27.008 (West, Westlaw through 2017 1st C.S.).

After Song filed his appellate brief with this Court, Lee filed a motion to dismiss the interlocutory appeal for lack of jurisdiction. Song responded to Lee's motion. He also filed (1) a motion to accept the appeal, and (2) an alternative motion to accept it as an original proceeding or to give him leave to file it as such.

## II. JURISDICTION

### A. Applicable Law

Generally, appellate courts have jurisdiction only over appeals from final judgments and orders. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). An order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties. *Id.* at 205; *see Crites v. Collins*, 284 S.W.3d 839, 841 (Tex. 2009) (per curiam). A judicial decree that actually disposes of all parties and all claims is a final judgment, regardless of the language used; however, a decree that fails to dispose of all claims can be final only if the intent to finally dispose of the case is

3

unequivocally expressed in the decree itself. *See In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005) (orig. proceeding). Whether an order is final must be determined from its language and the record in the case. *See Lehmann*, 39 S.W.3d at 205.

This Court has jurisdiction to review interlocutory orders only when explicitly authorized by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014 (West, Westlaw through 2017 1st C.S.). Because statutes permitting accelerated appeals from interlocutory orders present a narrow exception to the general rule that interlocutory orders are not immediately appealable, they are strictly applied. *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). Chapter 51 of the civil practice and remedies code provides such an exception for an interlocutory order that "*denies* a motion to dismiss filed under Section 27.003 [of the TCPA]." *Id.* § 51.014(a)(12) (emphasis added); *see id.* § 27.003.

## B.    Analysis

Based on our review of the order and the record in this case, it is apparent that no final judgment has been signed by the trial court. *See Lehmann*, 39 S.W.3d at 195. The order only dismissed some of Song's claims against Lee, and it did not include an unequivocal expression of finality. *See id.* at 205*; see also Crites*, 284 S.W.3d at 841; *Burlington*, 167 S.W.3d at 830. It is, therefore, not an appealable, final judgment. *See Lehmann*, 39 S.W.3d at 195. Claims for intentional infliction of emotional distress, tortious interference with contract/employment, and invasion of privacy/intrusion of seclusion currently remain pending in the trial court.

4

Moreover, the order *granted* the dismissal of Song's claims for defamation and libel. Such an order is not one that is immediately appealable. *See Trane US, Inc. v. Sublett*, 501 S.W.3d 783, 786 (Tex. App.—Amarillo 2016, no pet.); *Fleming & Assocs. v. Kirklin*, 479 S.W.3d 458, 460–61 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *Schlumberger Ltd. v. Rutherford*, 472 S.W.3d 881, 887 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(12).

### III. CONCLUSION

Because we do not have jurisdiction to consider the merits of the trial court's interlocutory decision to grant Lee's motion to dismiss pursuant to the TCPA, we grant Lee's motion to dismiss for lack of jurisdiction and dismiss Song's appeal without prejudice to refiling once the trial court renders a final, appealable judgment.[3] In addition, we deny Song's motion to accept the appeal. We also deny Song's alternative motion to accept his motion as an original proceeding because he has an adequate remedy by appeal from a final judgment. *See In re Odebrecht Construction, Inc.*, 548 S.W.3d 739, 744 (Tex. App.—Corpus Christi 2018, orig. proceeding) ("Mandamus relief is proper to correct a clear abuse of discretion when there is no adequate remedy by appeal.").

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 6th
day of December, 2018.

---

[3] Song may file a separate notice of appeal when the trial court signs a final judgment or appealable order in the case and, upon proper motion, may request that the Clerk of the Court transfer any or all of the appellate record filed in this case to the new cause number. *See* TEX. R. APP. P. 26.1 (setting out that the time to perfect civil appeal is calculated from the date the judgment or order is signed).

5