

# NUMBER 13-21-00204-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE LETICIA BETANCOURT

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Longoria, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Tijerina[1]

Relator Leticia Betancourt filed a petition for writ of mandamus in the above cause seeking to compel the trial court to vacate its order denying relator's motion to dismiss the underlying lawsuit as "baseless," and to instead grant relator's motion to dismiss. *See* TEX. R. APP. P. 91a (allowing a party to file a motion "to dismiss a cause of action on the grounds that it has no basis in law or fact").

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). To obtain mandamus relief, a relator must establish that the trial court committed a clear abuse of discretion and there is no adequate appellate remedy. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Garza*, 544 S.W.3d at 840; *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d at 712. Given the lack of an interlocutory appeal, the denial of a Rule 91a motion to dismiss may be subject to review by mandamus. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam) (balancing the benefits of mandamus review against the detriments and concluding that mandamus was appropriate to review the denial of a Rule 91a motion to dismiss "to spare the parties and the public the time and money spent on fatally flawed proceedings"); *In re Odebrecht Constr., Inc.*, 548 S.W.3d 739, 745 (Tex. App.—Corpus Christi 2018, orig. proceeding) (stating that "mandamus review of orders denying Rule 91a motions comports with the Legislature's requirement for an early and speedy resolution of baseless claims.").

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that the relator has not met her burden to obtain relief. *See* TEX. R. APP. P. 91a; *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 655–56 (Tex. 2020) (concluding that Rule 91a permits motions to

2

dismiss based on affirmative defenses "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought," but does not allow such motions when the affirmative defenses "will not be conclusively established by the facts alleged in a plaintiff's petition"); *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam) ("We review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review"). Accordingly, we deny the petition for writ of mandamus.

JAIME TIJERINA
Justice

Delivered and filed on the
12th day of July, 2021.