

# NUMBER 13-20-00505-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

JOSE F. SERNA, INDIVIDUALLY
AND AS BENEFICIARY OF THE
ESTATES OF OLIVIA ACOSTA AND
FRANCISCO R. SERNA,                                                Appellant,

v.

JOE F. BANKS,                                                                     Appellee.

---

### On appeal from the 94th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Hinojosa

By three issues, appellant Jose F. Serna contends the trial court erred when it

dismissed his suit against appellee Joe F. Banks pursuant to Rule 91a of the Texas Rules

of Civil Procedure because the Rule 91a motion to dismiss: (1) was untimely filed;

(2) failed to identify each cause of action; and (3) some dismissed claims related back to the original pleadings. *See* TEX. R. CIV. P. 91a. We reverse and remand.

## I. BACKGROUND

**A.    Underlying Facts & Procedural History**

On April 9, 2017, Serna filed a lawsuit alleging that his half-brother Banks defrauded Olivia Acosta, their mother, and Francisco Serna, Serna's father and Banks's stepfather, of their personal assets. Serna filed the lawsuit along with Mac Acosta, Olivia's husband at the time of her death, and Mechelle Fowler.

The lawsuit alleged that Olivia signed a general power of attorney in 2000 authorizing her oldest son Banks to act on her behalf to manage her financial affairs.[1] Olivia also signed a medical power of attorney in 2008 authorizing Banks to make medical decisions for her in the event she no longer could. The lawsuit alleged that Banks unlawfully withdrew at least $230,000 from two of Olivia's personal banking funds for his personal use. Plaintiffs further complained that Banks fraudulently made himself the beneficiary of one of Olivia's annuities and misappropriated jewelry. Olivia revoked her power of attorney in 2016, one year before she died in 2017.

Regarding Francisco, the lawsuit alleged that Banks filed an application to be appointed guardian of the person and estate of Francisco, which was granted on March 29, 2011. Francisco, during the time the application for guardianship was pending, made Banks the sole beneficiary of his estate in his will. Francisco died on September 27, 2017, at the age of ninety-nine.

---

[1] Olivia reauthorized this appointment in 2016 after she married Mac.

The lawsuit set forth the following causes of action: (1) breach of fiduciary duty; (2) conversion; (3) fraud; (4) breach of fiduciary of an elderly person; (5) negligence; and (6) constructive trust regarding both the estates of Olivia and Francisco.

On May 12, 2017, Banks filed his original answer and verified denial, generally denying all claims. The plaintiffs later filed a First Amended Petition and Second Amended Petition, largely alleging the same claims. On February 24, 2020, however, plaintiffs filed their Third Amended Original Petition where they added theft and conspiracy causes of action. Banks filed his first amended answer, verified denial, and motion to show authority on February 28, 2020.

## B.     First Motion to Dismiss

On April 20, 2020, Banks filed his first motion to dismiss under Texas Rule of Civil Procedure 91a. The trial court held a hearing on Banks's motion to show authority and motion to dismiss on June 17, 2020. Regarding Olivia's estate, Banks noted that Olivia died with a will that was admitted to probate as a muniment of title in April of 2017, and her estate had already been distributed according to her wishes. Banks pointed out that none of the plaintiffs timely contested the will nor attempted an independent administration of the estate at that time. Regarding Francisco, Francisco died with a will on September 27, 2017. Banks asserted that the will had been admitted to probate in Nueces County and that it was still pending. In sum, Banks argued that the claims plaintiffs asserted in their multiple petitions were "derivative claims" of the estates of Olivia and Francisco, and neither Serna, Mac, nor Fowler had authority or standing to file these claims.

On July 6, 2020, the trial court issued two orders. First, it granted Banks's motion to show authority in part, dismissing Mac and Fowler from the suit.[2] The order further dismissed Serna "as next friend of Francisco Serna, [d]eceased," as Serna failed to show the court sufficient authority that he could prosecute such claims. The trial court also granted the motion to dismiss in part, dismissing the theft and conspiracy causes of action and permitting Serna to pursue claims for his parents' non-probate assets only.[3]

## C. Subsequent Pleading

On July 16, 2020, Serna filed a Fourth Amended Original Petition. The Fourth Amended Original Petition identified for the first time, "Jose F. Serna, Individually [and] as Beneficiary of the Estates of Olivi[a] Acosta and Francisco R. Serna." Mac and Fowler were no longer plaintiffs. The lawsuit reasserted the following causes of action: (1) breach of fiduciary duty; (2) conversion; (3) fraud; (4) breach of fiduciary of an elderly person; (5) negligence; and (6) constructive trust. In the lawsuit, Serna "demanded his respective portion of the estates of Olivia Acosta and Francisco R. Serna."

## D. Second Motion to Dismiss

On July 27, 2020, Banks filed his second motion to dismiss pursuant to Rule 91a. This motion again attacked Serna's lack of standing "as beneficiary of the estates" of Olivia and Francisco. Banks re-asserted that Olivia's estate had already been probated without objection in 2017. He further noted that Francisco's estate was still pending in the

---

[2] Counsel for the plaintiffs admitted during the dismissal hearing that he had been unable to reach either Mac or Fowler for an extended period of time. Further, there was no evidence in the record regarding attorney-client agreements documenting this representation.

[3] The July 6, 2020 order partially granting the Rule 91a motion to dismiss is not before this court.

Nueces County probate court and that no executor had been appointed yet. Banks thus argued that Serna "lack[ed] authority and standing to represent these estates individually, as a beneficiary, or as a representative," and therefore, Serna's claims should be dismissed.

Banks further argued that Serna was "attempting a subterfuge to bring his alleged causes of action for breach of a fiduciary duty, conversion, fraud, breach of a fiduciary duty of an elderly person, negligence, and constructive trust, under tort law. However, these causes of action fall under the ambit of 'intentional interference with an inheritance' . . . ." Citing the recent Texas Supreme Court case *Archer v. Anderson*, Banks contended that "[t]he tort of intentional interference with inheritance is not recognized in Texas." 556 S.W.3d 228, 239 (Tex. 2018). This, Banks claimed, was another reason Serna's claims should fail.

Serna filed his reply on August 12, 2020. The trial court held a hearing on the motion on August 21, 2020. On October 7, 2020, the Court granted Banks's motion to dismiss. Serna appeals from this order.

## II.    STANDARD OF REVIEW & APPLICABLE LAW

In reviewing the trial court's ruling on a Rule 91a motion to dismiss, we perform a de novo review. *See Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020); *In re Odebrecht Const., Inc.*, 548 S.W.3d 739, 745 (Tex. App.—Corpus Christi–Edinburg 2018, orig. proceeding). "Texas is a fair notice pleading jurisdiction," and therefore the standard of fair notice is applied to Rule 91a motions to dismiss. *In re Odebrecht Const.*, 548 S.W.3d at 746. The fair notice standard is a

5

"relatively liberal standard." *Id.* (quoting *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007)). "In our review, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact." *Stedman v. Paz*, 511 S.W.3d 635, 637 (Tex. App.—Corpus Christi–Edinburg 2015, no pet.). Under the fair notice standard, a pleading is sufficient if it provides the opposing party with fair and adequate notice of the facts upon which the pleader bases their claims to enable the opposing party to prepare a defense or response. *In re Odebrecht Const.*, 548 S.W.3d at 746; *see First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224–25 (Tex. 2017).

> Rule 91a governs the dismissal of baseless causes of action and provides:
>
> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

Tex. R. Civ. P. 91a.1. "A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." *Id.* R. 91a.2. In ruling on a 91a motion, the court "must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by the rules of civil procedure." *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 599 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.); *see In re Butt*, 495 S.W.3d 455, 461 (Tex. App.—Corpus Christi–Edinburg 2016, orig. proceeding). A Rule 91a motion must be "filed within 60 days

6

after the first pleading containing the challenged cause of action is served on the movant."
TEX. R. CIV. P. 91a.3(a).

### III.  ANALYSIS

**A.  The Timeliness of the Second Motion to Dismiss**

By his first issue, Serna argues that the trial court erred in granting Banks's second motion to dismiss because it was filed more than sixty days after Serna filed his original petition. *See id.* R. 91a.1. Serna's original petition was filed on April 9, 2017. Banks filed his first motion to dismiss on April 20, 2020, and his second one on July 27, 2020—both nearly three years after the petition was originally filed.

Banks contends, however, that Serna's filing of his Fourth Amended Original Petition on July 16, 2020, made his second motion to dismiss on July 27, 2020 timely. The fourth amended pleading re-asserted the original six claims, but omitted two of the original parties (Mac and Fowler) and the theft and conspiracy causes of action. The amended pleading was also the first time Serna pleaded his causes of action in his alleged capacity as "Jose F. Serna, Individually [and] as Beneficiary of the Estates of Olivi[a] Acosta and Francisco R. Serna"—previously, he had only asserted the claims individually. Banks thus asserts that because of the omission of certain parties and claims, as well as Serna's filing in a new capacity, that the fourth amended pleading constituted a "first pleading" under the statute, making his second motion to dismiss timely. *See id.* R. 91a.3(a)

We disagree with Banks that the fourth amended pleading constituted a "first pleading." First, we note that the new pleading omitted the parties solely due to the trial

7

court's order on Banks's motion to show authority, and not by Serna's choice. Further, despite the changed capacity, the parties at the hearing acknowledged that Serna was asserting the exact same claims. Counsel for Banks noted that "it's very clear from the pleadings that . . . these causes of action by [Serna] . . . [are] *still being brought as a beneficiary of the estate* and on behalf of the estate to recover something they believe they were due to be inherited . . . ." (emphasis added). Counsel for Banks later explained that although the fourth amended pleading was an opportunity for Serna to "bring[] any claim for nonprobate assets," that Serna had not done so.

When ruling on a Rule 91a issue, "[w]e look only to the pleading of the cause of action, together with any pleading exhibits[,] and do not consider any other part of the record." *Guillory v. Seaton, LLC*, 470 S.W.3d 237, 241 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (cleaned up); *see Reaves*, 518 S.W.3d at 599 (same). Here, looking at the pleadings only, the exact same six claims in the original pleading were set forth in the fourth amended pleading—(1) breach of fiduciary duty; (2) conversion; (3) fraud; (4) breach of fiduciary of an elderly person; (5) negligence; and (6) constructive trust. Reviewing this issue de novo, we conclude that Serna's fourth amended petition was not a "first pleading" and thus Banks's second Rule 91a motion to dismiss was untimely.

We sustain this issue. Because this issue is dispositive, we need not address Serna's remaining issues.[4]

---

[4] Because we have decided this case on a procedural point, we make no comment regarding the merits of Serna's claims and/or whether they can be disposed of through other mechanisms within the rules of civil procedure.

#### IV. CONCLUSION

We reverse the trial court's judgment and remand for proceedings consistent with this opinion.

LETICIA HINOJOSA
Justice

Delivered and filed on the
30th day of August, 2022.