

# NUMBER 13-21-00194-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ERIK PUENTE,                                                                                    Appellant,

v.

JAVIER R. GARZA,                                                                               Appellee.

## On appeal from the 93rd District Court
## of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Tijerina**
**Memorandum Opinion by Justice Tijerina**

Appellant Erik Puente appeals from the trial court's order granting appellee Javier R. Garza's Rule 91a motion to dismiss. *See* TEX. R. CIV. P. 91a. By two issues, Puente asserts that trial court erred in granting Garza's motion to dismiss because each of Puente's causes of action had a basis in law, and Garza's motion did not comply with Rule 91a.2. *See id.* We reverse and remand.

# I.  BACKGROUND

Puente is Garza's nephew. On February 21, 2011, Garza's parents (Puente's grandparents) executed a document entitled "Deed of Gift With Reservation of Life Estate," transferring to Puente a 100% future interest in their residential homestead (the property). According to Puente's petition, he was unaware of this conveyance at the time it was made. Subsequently, on July 8, 2011, a warranty deed purporting to convey Puente's interest in the property to Garza was executed.

On March 24, 2021, Puente filed a petition to set aside the July 8, 2011 conveyance and sought a declaratory judgment and recission of the alleged deed, claiming that the deed was fraudulent. Puente asserted causes of action for fraud by non-disclosure, common law fraud, and violation statutory fraud. Puente alleged the deed was fictitious as he did not execute any deeds transferring the property to Garza. Puente further claimed that he was unaware of either deed until sometime in December 2019.

Garza filed a Rule 91a motion to dismiss, asserting Puente's suit was barred by the statute of limitations.

The trial court held a hearing where Garza reiterated that Puente's causes of action were barred by the statute of limitations. The trial court granted Garza's motion to dismiss with prejudice on June 11, 2021. This appeal followed.

# II.  STANDARD OF REVIEW

"We review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *City of Dallas v. Sanchez*, 494 S.W.3d 722,

724 (Tex. 2016) (per curiam); *In re Union Pac. R.R. Co.*, 582 S.W.3d 548, 550 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding). The motion to dismiss must identify each cause of action to which it is addressed and specifically state the reasons the action has no basis in law, no basis in fact, or both. TEX. R. CIV. P. 91a.2. The trial court "must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by the rules of civil procedure." *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 599 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.) (citing TEX. R. CIV. P. 91a.6).

We assess from the pleading whether an opposing party can ascertain the nature of the controversy, its basic issues, and the type of evidence that might be relevant. *Id.* at 600. For instance, a claim has no basis in law when: "(1) the petition alleges too few facts to demonstrate a viable, legally cognizable right to relief; and (2) the petition alleges additional facts that, if true, bar recovery." *Id.* at 608 (citing *Guillory v. Seaton, LLC*, 470 S.W.3d 237, 240 (Tex. App.—Houston [1st Dist.] 2015, pet. denied)). Further, Rule 91a permits motions to dismiss based on affirmative defenses "if the allegations, taken as true, together with the inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020). "Of course, some affirmative defenses will not be conclusively established by the facts in a plaintiff's petition. Because Rule 91a does not allow consideration of evidence, such defenses are not a proper basis for a motion to dismiss." *Id.* at 654.

### III. DISCUSSION

In his pleadings, Puente asserted that on February 21, 2011, his grandparents transferred a 100% future interest in the property to him, on July 8, 2011, Garza fraudulently executed a deed on Puente's behalf transferring the property to Garza, and Puente was unaware of such act until 2019. Garza pleaded the statute of limitations as an affirmative defense, stating that the alleged fraudulent deed was executed in 2011, and Puente's suit was filed well after the four-year statute of limitations had expired. *See Bethel*, 595 S.W.3d at 656; *see also Little v. Smith*, 943 S.W.2d 414, 420 (Tex. 1997) ("Generally, in a case of fraud the statute of limitations does not commence to run until the fraud is discovered or until it might have been discovered by the exercise of reasonable diligence.").

Garza was required to state specifically the reasons Puente's causes of action had no basis in law, no basis in fact, or both, when Puente allegedly did not discover the fraud until 2019. *See* TEX. R. CIV. P. 91a.2. Construing Puente's pleadings liberally and accepting as true Puente's assertion that he did not discover the July 8, 2011 deed until 2019, *In re Union Pac. R.R. Co.*, 582 S.W.3d at 550, we are unable to conclude that the four-year statute of limitations bars Puente's claims. *See id.*; *cf. Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997) (providing that the discovery rule applies in fraud cases); *Reaves*, 518 S.W.3d at 608 ("[D]ismissal is appropriate where the plaintiff fails to provide fair notice of a legally cognizable claim for relief.").

Garza maintains the statute of limitations applies to Puente's causes of action because the subject deed was "recorded, Puente was on notice of its existence, and

4

[Puente] should have exercised diligence to discover any defects." Therefore, according to Garza, Puente cannot rely on the fact that he did not "discover" the fraud until 2019 because he should have known about it in 2011 when the deed was recorded. *See Berry v. Berry*, 646 S.W.3d 516, 524 (Tex. 2022) (reiterating the general rule that a recorded deed constitutes constructive notice of the instrument). At the hearing, Garza made similar arguments. However, there is no allegation in Puente's petition that the July 8, 2011 deed was recorded, only that he somehow discovered the purported conveyance in 2019. Therefore, the trial court could not have considered whether the deed was, in fact, recorded in 2011 and whether the recording of the deed barred Puente's suit regardless of Garza's assertions at the hearing. *See Reaves*, 518 S.W.3d at 605 (explaining that "a ruling on a 91a motion must not be based on extrinsic evidence . . . .").

In addition, the trial court was prohibited from looking beyond the pleadings to determine whether the deed was in fact recorded and whether Puente exercised reasonable diligence in discovering its existence. *See* TEX. R. CIV. P. 91a.6 (noting that the court may hold a hearing but may not consider any evidence in ruling on the motion and "must decide the motion based solely on the pleading of the cause of action").

Moreover, in his motion to dismiss, Garza did not assert that the discovery rule did not apply to Puente's causes of action because the deed was recorded in 2011. *See* TEX. R. CIV. P. 91a.2 ("A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both."). Regardless, even if the July 8, 2011 deed was recorded, based on the allegations in Puente's petition,

5

the recording of the deed would not bar the discovery rule in this case because Puente "had no reason to believe or suspect that an injury ha[d] occurred and therefore no reason to monitor property records." *See Berry*, 646 S.W.3d at 525. According to his petition, Puente was not aware that his grandparents conveyed a future interest to him until December 2019, around the same time that he discovered the allegedly fraudulent conveyance between himself and his uncle. *See id.*

"Rule 91a provides a harsh remedy that should be strictly construed." *In re Odebrecht Constr., Inc.*, 548 S.W.3d 739, 750 (Tex. App.—Corpus Christi–Edinburg 2018, orig. proceeding). Liberally construing Puente's petition according to the pleaders' intent, accepting as true his factual allegations, and considering *solely* the pleadings, we conclude that the trial court erred in concluding that Puente's causes of action has no basis in law, no basis in fact, or both due to the statute of limitations as Garza alleged in his motion to dismiss. *See* TEX. R. CIV. P. 91a.2; 91a.6; *Reaves*, 518 S.W.3d at 614. We sustain Puente's first issue.[1]

## IV. CONCLUSION

We reverse and remand for further proceedings consistent with this memorandum opinion.

JAIME TIJERINA
Justice

Delivered and filed on the
16th day of March, 2023.

---

[1] Because this issue is dispositive, we need not address Puente's second issue. *See* TEX. R. APP. P. 47.1.