**Petition for Writ of Mandamus Denied and Majority and Dissenting Opinions filed July 31, 2018.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00085-CV

### IN RE HMR FUNDING, LLC, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2015-15269**

## MAJORITY OPINION

On January 31, 2018, relator HMR Funding, LLC filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017). In the petition, relator asks this court to compel the Honorable Elaine H. Palmer, presiding judge of the 215th District Court of Harris County, to (1) vacate her June

13, 2017 order denying its motion to dismiss pursuant to Rule 91a of the Texas Rules of Civil Procedure; and (2) consider the merits of the motion.[1]  We deny the petition.

## I. BACKGROUND

Robert Coleman sued Melford Amkrum and Best Transportation Services, Inc. (collectively, the "Best Transportation Parties") for injuries sustained in a motor vehicle accident.  Coleman assigned his right to seek recovery of medical expenses to HMR Funding.  The Best Transportation Parties moved for joinder of HMR Funding as a necessary party.  The trial court granted the Best Transportation Parties' motion, allowing them to join HMR Funding.  The Best Transportation Parties filed their original petition against HMR Funding on June 2, 2016, alleging that HMR Funding paid significantly less to the healthcare providers than the total invoiced amount.  The Best Transportation parties attempted to serve HMR Funding by serving the Texas Secretary of State on July 11, 2016.  On December 31, 2017, after HMR Funding had not answered the suit, the Best Transportation Parties filed a motion for default judgment.

HMR Funding claims that the service on the Secretary of State was defective service.  Though HMR Funding alleges that it was never served properly, it voluntarily appeared in the case on February 22, 2017, by answering and asserting affirmative defenses of capacity, standing, ripeness, and contributory negligence. HMR Funding then filed a Rule 91a motion to dismiss on April 24, 2017, asserting that the Best Transportation Parties lacked standing and capacity to maintain their

---

[1] *See* Tex. R. Civ. P. 91a.

2

claims against HMR Funding and that their claims for unconscionable contracts, usurious interest, and invalid assignments have no basis in law or fact. *See* Tex. R. Civ. P. 91a.1 (providing that a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact).

The Best Transportation Parties responded that HMR Funding did not timely file its motion to dismiss because it was filed over 60 days after service of process. *See* Tex. R. Civ. P. 91a.3(a) (requiring the motion to dismiss to be "filed within 60 days after the first pleading containing the challenged cause of action is served on the movant"). The parties dispute the date on which the 60-day period began to run. The Best Transportation Parties contend that the trigger date was July 11, 2016, the date it served the Secretary of State. HMR Funding contends that the trigger date was February 22, 2017, the date it filed an answer and appeared. The trial court held a hearing on HMR Funding's motion to dismiss on June 2, 2017, and denied the motion on June 13, 2017. The order did not state the reasons for denying the motion to dismiss, but awarded the Best Transportation Parties $2,500 in attorney's fees. *See* Tex. R. Civ. P. 91a.7 (providing that "the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court").

On June 15, 2107, HMR Funding filed a notice of appeal from the June 13, 2017 interlocutory order denying its Rule 91a motion to dismiss. On July 25, 2017, this court dismissed HMR Funding's interlocutory appeal for lack of jurisdiction. *See HMR Funding, LLC v. Ankrum*, No. 14-17-00474-CV, 2017 WL 3158902, at *1 (Tex. App.—Houston [14th Dist.] July 25, 2017, no pet.) (per curiam) (mem. op.).

3

We noted that appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Id.* The order denying the motion to dismiss is an interlocutory order, for which there is no specific statute providing appellate jurisdiction for such an interlocutory appeal. *Id.* (citing *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam); *S. Cent. Houston Action v. Stewart*, No. 14-15-00088-CV, 2015 WL 1508699, at *1 (Tex. App.—Houston [14th Dist.] Mar. 31, 2015, no pet.) (mem. op.)).

HMR filed a motion for permission to appeal the June 13, 2017 interlocutory order. The trial court granted HMR permission to appeal the ruling on the motion to dismiss, and stayed all further proceedings until a final resolution of the permissive appeal, noting that the court had denied the Rule 91a motion to dismiss because it was not filed timely. On December 7, 2017, this court denied HRM Funding's petition for permissive interlocutory appeal because HMR Funding failed to establish that the order concerns a controlling question of law or that an immediate appeal may materially advance the ultimate termination of the litigation. *See HMR Funding, LLC v. Ankrum*, No. 14-17-00702-CV, 2017 WL 6102784, at *1 (Tex. App.—Houston [14th Dist.] Dec. 7, 2017, no pet.) (mem. op.).

HMR Funding now brings this original proceeding, contending that the Best Transportation Parties did not properly serve HMR Funding and, therefore, the 60-day deadline for HMR Funding to file its Rule 91a motion to dismiss did not begin to run until HMR Funding filed its original answer.

4

## II. ANALYSIS

Generally, to be entitled to mandamus relief, a relator must demonstrate that (1) the trial court clearly abused its discretion; and (2) the relator has no adequate remedy by appeal. *In re Nat'l Lloyds Ins. Co.*, 507 S.W.3d 219, 226 (Tex. 2016) (orig. proceeding) (per curiam). As addressed below, we conclude that HMR Funding has not shown that it lacks an adequate remedy by appeal. Therefore, it is not necessary to address whether the trial court abused its discretion by denying HMR Funding's Rule 91a motion to dismiss.

In determining whether appeal is an adequate remedy, appellate courts consider whether the benefits outweigh the detriments of mandamus review. *In re BP Prods. N. Am., Inc.*, 244 S.W.3d 840, 845 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). We also consider whether mandamus will "allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *Id.* Finally, we consider whether mandamus will spare the litigants and the public "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.*

5

HMR Funding contends that, without mandamus relief, it will be required to proceed through summary judgment and possibly a trial on meritless claims which the Best Transportation Parties allegedly do not have standing to assert. Specifically, HMR Funding maintains that the Best Transportation Parties' timeliness argument is "spurious" and has resulted in increased litigation and costs. HMR Funding, however, did not seek mandamus relief originally. More than two years before the trial court denied HMR Funding's motion to dismiss, the Texas Supreme held that orders denying Rule 91a motions to dismiss may be reviewed by mandamus. *See In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam). HMR Funding now acknowledges that mandamus is the proper vehicle to challenge an order denying its Rule 91a motion to dismiss in this case. Nevertheless, HMR Funding has already twice appealed the June 13, 2017 order to this court. Its mandamus will not spare the litigants or the public any wasted time or money.

HMR Funding states that the Texas Supreme Court has made it clear that mandamus review is available for orders denying Rule 91a motions to dismiss. *See Id*. However, in *Essex*, the trial court ruled on the merits of the motion to dismiss. *Id*. at 525. This case is in a different procedural posture because the trial court has not considered the merits of HMR Funding's motion to dismiss. Even if this court were to grant mandamus relief and order the trial court to set aside the June 13, 2017 order, the trial court will still have to consider the merits of HMR Funding's affirmative defenses. The validity of HMR Funding's defenses can be addressed in a motion for summary judgment. Therefore, HMR Funding will not have to wait until after a final judgment for the merits of its defenses to be considered and ruled

6

upon. Moreover, at this point, considering the timeliness of HMR Funding's motion to dismiss would not "give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. We conclude that the detriments to mandamus review outweigh the benefits. Therefore, HMR Funding has an adequate remedy by appeal.

Relying on the Texas Supreme Court's decision in *ConocoPhillips v. Koopmann*, the dissent maintains that the trial court's error has deprived HMR Funding of the opportunity to recover its costs and necessary attorney's fees in the event the Best Transportation Parties' claims have no basis in law or fact. *See* 547 S.W.3d 858 (Tex. 2018). *Koopmann* does not foreclose HMR Funding's recovery of its attorney's fees in all circumstances. In *Koopmann*, the trial court denied the defendant's Rule 91a motion to dismiss. *Id.* at 864. The defendant subsequently moved for summary judgment on similar grounds as those raised in the motion to dismiss, and the trial court granted partial summary judgment in favor of the defendant. *Id.* That summary judgment was not appealed to the Texas Supreme Court after the court of appeals affirmed the judgment. *Id.* at 879. Therefore, the ruling was not before the court. *Id.*

The court rejected the defendant's position that it was entitled to attorney's fees because it prevailed on summary judgment on the same grounds it had asserted in its motion to dismiss. *Id.* at 879–80. The court's reasoning was based, in part, on the failure to appeal the partial summary judgment ruling to the high court, making that part of the judgment final. *Id.* at 880. As the court pointed out, "if we were to grant [the defendant's] request and hold that the trial court erred in denying its [Rule

91a] motion, this would effectively require us to vacate or overrule the trial court's summary judgment of these claims in [the defendant's] favor. We cannot do so when the court of appeals' affirmance of the summary judgment is final and not before us." *Id.* Thus, *Koopmann* does not preclude HMR Funding from appealing a final grant of summary judgment in its favor on the ground that the trial court erred in denying it even more favorable relief: a Rule 91a dismissal and recovery of attorney's fees.

*Koopmann* further observed that a defendant may challenge a trial court's denial of a Rule 91a motion to dismiss by mandamus or permissive interlocutory appeal "at the time it [is] denied." *Id.* Here, HMR Funding chose to challenge the order in a permissive appeal, but this Court denied it permission to appeal. We decline to second-guess that decision via mandamus, which would incentivize expense and delay as parties try different avenues of review. We are also mindful that the permissive appeal was HMR Funding's second attempt to secure review; its first attempt was to file an ordinary interlocutory appeal. Yet this court had previously held that we do not have jurisdiction over non-permissive interlocutory appeals from orders denying Rule 91a motions to dismiss. *See Chang v. Lin*, No. 14-16-00805-CV, 2016 WL 7234469, at *1 (Tex. App.—Houston [14th Dist.] Dec. 13, 2016, no pet.) (per curiam) (mem. op.); *S. Cent. Houston Action v. Stewart*, No. 14-15-00088-CV, 2015 WL 1508699, at *1 (Tex. App.—Houston [14th Dist.] Mar. 31, 2015, no pet.) (mem. op.). HMR Funding's unsuccessful non-permissive interlocutory appeal increased expenses incurred and extended the litigation of the issues raised in the Rule 91a motion to dismiss.

HMR Funding's mandamus is thus its third bite at the apple, not a "challenge[]
[to] the trial court's denial of its motion to dismiss *at the time it was denied.*"
*Koopmann*, 547 S.W.3d at 880 (emphasis added). The possibility that HMR
Funding may be unable to recover its attorney's fees later does not override the
expense attendant to its two unsuccessful appeals, particularly when one of those
appeals was dismissed under well-established authority from this court. At this
point, it is unlikely that the attorney's fees HMR Funding incurred litigating its Rule
91a motion in the trial court offset the fees it has spent on three different attempts to
challenge the trial court's ruling on that motion. For these additional reasons, the
detriments to mandamus review in this case outweigh the benefits.

### III. CONCLUSION

Having concluded that HMR Funding has not established that it lacks an
adequate remedy by appeal, we deny the petition for writ of mandamus.

/s/     Ken Wise
        Justice

Panel consists of Chief Justice Frost and Justices Busby and Wise (Frost, C.J.,
dissenting).