

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-19-00180-CV

**IN RE FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY**

Original Mandamus Proceeding[1]

Opinion by:      Patricia O. Alvarez, Justice
Dissenting Opinion by: Sandee Bryan Marion, Chief Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Patricia O. Alvarez, Justice
                 Irene Rios, Justice

Delivered and Filed: June 26, 2019

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED IN PART AND
DENIED IN PART

The real party in interest, Cassandra Longoria, sued her insurance company, Farmers Texas

County Mutual Insurance ("relator"), for negligent failure to settle.  Relator filed a Rule 91a motion

to dismiss, which the Honorable Karen Pozza denied.   Longoria later amended her petition to

allege a cause of action for breach of contract.  Relator filed a second Rule 91a motion to dismiss,

which the Honorable Laura Salinas denied.   In this original proceeding, relator asserts the trial

courts abused their discretion by denying the motions to dismiss.  We grant relator mandamus

---

[1] This proceeding arises out of Cause No. 2018CI11399, styled *Cassandra Longoria v. Farmers Insurance d/b/a Farmers Texas County Mutual Insurance*, pending in the 285th Judicial District Court, Bexar County, Texas.  The Honorable Karen H. Pozza signed one of the orders and the Honorable Laura Salinas signed the other order at issue in this proceeding.

relief on Longoria's breach-of-contract claim, but deny mandamus relief on Longoria's negligent-failure-to-settle claim.

## BACKGROUND

Following a 2016 motor vehicle accident, Gary Gibson sued Longoria for injuries he allegedly suffered in the accident. Gibson sought damages in the amount of $1 million, which exceeded Longoria's $500,000 policy limits. Gibson designated experts, but relator's attorney, who represented Longoria, failed to do so.

Two years later, the parties engaged in mediation. By this time, Longoria had retained her own attorney to represent her in the event of any liability in excess of the policy limits. The mediator recommended the case settle for $350,000. Gibson sent a *Stowers* demand to relator advising the insurance company he would accept the proposed settlement of $350,000, but relator rejected the proposal and offered only $250,000. Despite Gibson withdrawing the offer to settle and stating his intention to proceed to trial, Gibson and Longoria's personal counsel later re-opened negotiations to settle. Gibson again stated he would settle for $350,000. Because relator again offered only $250,000 and Longoria was now facing a trial on the merits, Longoria offered to pay the $100,000 balance. Gibson accepted the offer, and Gibson and Longoria entered into a "Settlement Agreement and Release." Relator paid $250,000 and Longoria paid $100,000. Longoria then sued relator alleging it unreasonably refused to settle Gibson's claim.

Relator filed a Rule 91a motion to dismiss asserting two grounds. First, relator asserted that because Gibson's suit against Longoria settled, there would never be a final judgment against her in excess of policy limits. Therefore, according to relator, Longoria had no cause of action for negligent failure to settle because such a claim required that a negligent failure to settle result in an excess judgment against the insured. Second, relator asserted the trial court lacked subject-matter jurisdiction over the suit for the same reason—because Gibson's suit against Longoria

settled, there would be no judgment in excess of policy limits against her; therefore, she suffered no injury and her claim was not ripe for adjudication. Following a September 12, 2018 hearing, the trial court denied the first motion to dismiss.

Longoria later amended her petition to add a breach of contract claim asserting relator breached its contract by failing to defend the suit because relator did not timely designate an expert and by failing to accept an offer to settle the lawsuit. Relator filed its second Rule 91a motion to dismiss arguing it had no contractual obligation or duty to pay damages until it was determined Longoria was legally responsible for any damages, which would not occur because the lawsuit settled. Relator also argued it had no duty to defend or settle because the insurance policy gave it the right to defend or settle claims against Longoria "as [it] consider[ed] appropriate." Following a December 19, 2018 hearing, the trial court denied relator's second motion to dismiss and awarded Longoria attorney's fees.

Relator filed its petition for writ of mandamus challenging both trial court orders and Longoria filed a response, to which relator replied.

## MANDAMUS STANDARD OF REVIEW

Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion when there is no other adequate remedy at law. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

Relator also must demonstrate it has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). "Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from

impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id.* at 136.

## RULE 91A STANDARD OF REVIEW

Texas Rule of Civil Procedure 91a provides that "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." *Id.* Evidence is not considered when a trial court rules on a Rule 91a motion. *Id.* at 91a.6. A trial court looks only to the "pleading of the cause of action, together with any pleading exhibits." *Id.* The trial court construes the pleadings liberally in favor of the plaintiff, looks to the plaintiff's intent, and accepts the plaintiff's factual allegations as true; and, if needed, draws reasonable inferences from the factual allegations to determine if the cause of action has a basis in law or fact. *See id.* at 91a.1; *Vasquez v. Legend Nat. Gas III, LP*, 492 S.W.3d 448, 450 (Tex. App.—San Antonio 2016, pet. denied). Mere recitals of the elements of a cause of action, supported by only conclusory statements, do not suffice. *Vasquez*, 492 S.W.3d at 451.

"We review the merits of a Rule 91a motion *de novo* because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam). "In the case at bar, although we take all of [Longoria's] factual allegations as true, we need not afford the same deference to [her] legal conclusions or conclusory statements." *Vasquez*, 492 S.W.3d at 451. Rule 91a provides a harsh remedy with fee-shifting consequences that should

be strictly construed. *See Gaskill v. VHS San Antonio Partners, L.L.C.*, 456 S.W.3d 234, 238 (Tex. App.—San Antonio 2014, pet. denied).

## BREACH OF CONTRACT

Relator asserts the trial court abused its discretion by denying its motion to dismiss Longoria's breach of contract claim because Longoria never became "legally responsible" to pay Gibson's damages, the insurance policy contains a "no action" clause, and it cannot be held liable for defending Longoria or settling Gibson's claims against her as it deemed appropriate.

The elements of a breach of contract claim are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages to the plaintiff resulting from the breach. *Rice v. Metro. Life Ins. Co.*, 324 S.W.3d 660, 666 (Tex. App.—Fort Worth 2010, no pet.). Longoria alleged relator breached its contract on two grounds: (1) failing to defend the suit by not timely designating expert witnesses on the issue of damages and causation and (2) failing to accept an offer to settle the suit for an amount within the policy limits despite knowing that its failure to timely secure an expert witness on damages and causation subjected Longoria to the substantial risk of a verdict in excess of the policy limits. Relator argued it had no contractual duty to pay damages or to defend rather than settle Gibson's lawsuit.

Both parties relied on the following provision in the insurance policy for their arguments:[2]

**Insuring Agreement**
A. We will pay damages for bodily injury or property damage for which any **covered person** *becomes legally responsible* because of an auto accident. Property damage includes loss of use of the damaged property. Damages include prejudgment interest awarded against the covered person. *We will settle or defend, as we consider appropriate, any claim or suit asking for these damages*. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle

---

[2] During oral arguments, Longoria's counsel asserted this court may not consider the insurance policy because the policy was not attached as an exhibit to any of Longoria's petitions. However, because Longoria quoted the language on which she relies in her original petition and three amended petitions, we will consider this language in our analysis.

or defend ends when our limit of liability for this coverage has been exhausted. [Emphasis added.]

As to her first ground, Longoria contended in her plaintiff's petition that relator breached the contract by "failing to defend the suit by timely designating expert witnesses on the issue of damages and causation." Longoria contended that as a result of relator's failure to timely designate experts she "was faced with a trial without a single expert witness in her defense on the issue of the amount of damages and the causation of those damages." However, even construing her pleadings liberally in her favor, Longoria did not allege she suffered any damages as a result of relator's failure to timely designate experts. Therefore, we conclude her breach of contract claim has no basis in fact because she did not allege any damages for which she became "legally responsible" due to relator's failure to timely designate experts.

Longoria's second basis for her breach of contract claim is that relator breached the contract by "failing to accept an offer to settle the suit for an amount within the policy limits knowing that its failure to timely secure an expert witness on damages and causation further subjected Longoria to the substantial risk of a verdict well in excess of the $500,000 limits." In her plaintiff's petition, Longoria contended relator "was contractually obligated to use its funds, up to $500,000, to secure a release and settle claims for damages like those" sought by Gibson. Longoria contended relator breached its contract when it agreed to contribute only $250,000 toward the $350,000 settlement and "withheld the additional $100,000 in protection that [relator] had a duty to pay." Finally, Longoria contended relator breached the contract "by making a demand that [she] pay the $100,000 from her own personal funds because of the potential for gross negligence, a claim that had not been raised."

Insurance policies are contracts; therefore, the rights and duties they create and the rules governing their interpretation are those generally pertaining to contracts. *Ulico Cas. Co. v. Allied*

*Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008). The policy's language determines the insurer's duties. *See Nat'l Union Fire Ins. Co. of Pittsburg, PA v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997) (per curiam). Here, the policy did not contractually obligate relator to pay any specific amount towards a settlement. Instead, relator was only obligated to "settle or defend" "as [it] consider[ed] appropriate." An insurance policy granting an insurer the right to "settle or defend, as we consider appropriate, . . . any claim or suit asking for [bodily injury or property] damages" gives an insurer the "right to conduct the defense . . . and to make other decisions that would normally be vested in the insured as the named party in the case." *N. Cty. Mut. Ins. Co. v. Davalos*, 140 S.W.3d 685, 688 (Tex. 2004).

Relator elected to settle thus fulfilling its obligation to "settle or defend" Gibson's claims against Longoria. *See Martin-de-Nicolas v. AAA Tex. Cty. Mut. Ins. Co.*, 03-17-00054-CV, 2018 WL 1868048, at *7 (Tex. App.—Austin Apr. 19, 2018, pet. denied) (mem. op.) (concluding policy provision "We may settle any claim or suit as we think appropriate," was not ambiguous and afforded insurer "the discretion to settle claims made against its insured . . . without the insured's consent and without the need for a judicial determination regarding whether its insured was legally liable for the damages"); *Ho v. Ins. Corp. of Am.*, 01-95-01162-CV, 1997 WL 297578, at *4 (Tex. App.—Houston [1st Dist.] June 5, 1997, writ denied) (not designated for publication) (insured alleged insurer breached the contract by refusing to pay sooner and by refusing to supersede the judgment; holding no breach of contract because policy contained no deadline for payment and required no supersedeas bond and required only that insurer pay all covered claims against insured, which it did).

Even accepting Longoria's factual allegations as true, we conclude relator fulfilled its contractual obligation to "settle or defend" Gibson's claims against Longoria. Therefore,

Longoria's breach of contract claim has no basis in law or fact and the trial court erred by denying relator's Rule 91a motion to dismiss the claim.

## NEGLIGENT FAILURE TO SETTLE

Relator also asserts the trial court abused its discretion by denying its motion to dismiss Longoria's negligent-failure-to-settle (aka "*Stowers*") claim because there can be no *Stowers* claim absent a judgment in excess of policy limits. Originally, *Stowers* damages arose from a judgment in excess of policy limits. *See Am. Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 849 (Tex. 1994) ("The *Stowers* duty is not activated by a settlement demand unless three prerequisites are met: (1) the claim against the insured is within the scope of coverage, (2) the demand is within the policy limits, and (3) the terms of the demand are such that an ordinarily prudent insurer would accept it, considering the likelihood and degree of the insured's potential exposure to an excess judgment."). Subsequently, the Texas Supreme Court extended *Stowers* to include a settlement in excess of policy limits in the context an excess carrier's cause of action against a primary carrier. *See Am. Centennial Ins. Co. v. Canal Ins. Co.*, 843 S.W.2d 480, 481 (Tex. 1992) ("We extend this court's holding in *G.A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex. Comm'n App.1929, holding approved), to permit such an action."). However, the issue of whether an insured has a *Stowers* cause of action against her insurance company when, as here, the case settles pre-trial and the insured has paid a portion of the settlement because the insurer refused to pay the entirety of the settlement demand has not been addressed by a Texas court. We are, therefore, presented with an issue of first impression.

"[A]n issue of first impression can sometimes qualify for mandamus relief when the factual scenario has never been precisely addressed but the principle of law has been clearly established." *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding); *see also In re Paxton*, 05-17-00507-CV, 2017 WL 2334242, at *2 (Tex. App.—Dallas May 30, 2017, orig.

proceeding) (relying on *Weeks* to hold same). A "relator is entitled to relief only if the principle of law he relies upon is 'positively commanded and so plainly prescribed under the law as to be free from doubt.'" *In re Medina*, 475 S.W.3d 291, 298 (Tex. Crim. App. 2015) (orig. proceeding) (quoting *In re Allen*, 462 S.W.3d 47, 50 (Tex. Crim. App. 2015) (orig. proceeding)).

Here, the principal of law on which relator relies—that a *Stowers* claim always requires an excess judgment—is not so clearly established "as to be free from doubt." *See In re Yamaha Golf-Car Co.*, 05-19-00292-CV, 2019 WL 1512578, at *3 (Tex. App.—Dallas Apr. 8, 2019, orig. proceeding) (mem. op.) ("Mandamus is unwarranted here because the principle of law Yamaha urged the trial court to follow is neither positively commanded nor plainly prescribed under the law. As such, the trial court's ruling is not properly reviewed through mandamus.").

We also note that "[d]ismissal [under Rule 91a] is . . . appropriate when Texas has rejected the pleaded cause of action—or has rejected the viability of that action under the circumstances pleaded by the plaintiff." *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 608 (Tex. App.—Corpus Christi 2017, no pet.); *see also In re Odebrecht Constr., Inc.*, 548 S.W.3d 739, 750 (Tex. App.—Corpus Christi 2018, orig. proceeding) (mem. op.) ("conclud[ing] that nothing in the pleading itself triggers a clear legal bar to his claim"). "[W]hen the plaintiff's own allegations, taken as true, trigger a clear legal bar to the plaintiff's claim, the cause of action has no basis in law." *Reaves*, 518 S.W.3d at 608. The viability of the claim pled by Longoria has not been clearly rejected by Texas law.

For these reasons, we must conclude relator is not entitled to mandamus relief on Longoria's *Stowers* claim.

## ADEQUATE REMEDY AT LAW

Having concluded the trial court abused its discretion by denying relator's Rule 91a motion to dismiss Longoria's breach of contract claim, we next determine whether relator has no adequate

remedy at law. We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *See Prudential Ins.*, 148 S.W.3d at 136. In deciding whether the benefits of mandamus outweigh the detriments, we weigh the public and private interests involved, and we look to the facts in each case to determine the adequacy of an appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 469 (Tex. 2008) (orig. proceeding); *Prudential Ins.*, 148 S.W.3d at 136-37. Mandamus also "may be essential to preserve important substantive and procedural rights from impairment or loss, [and] allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments . . . ." *Prudential Ins.*, 148 S.W.3d at 136. Mandamus will not issue when the law provides another "plain, adequate, and complete remedy." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding).

An order denying a Rule 91a motion to dismiss is an interlocutory order, for which there is no specific statute providing appellate jurisdiction for an interlocutory appeal. *In re HMR Funding, LLC*, 561 S.W.3d 662, 665 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding.). "In laying the groundwork for a rule mandating the early dismissal of baseless causes of action, the Legislature has effectively already balanced most of the relevant costs and benefits of an appellate remedy, and mandamus review of orders denying Rule 91a motions comports with the Legislature's requirement for an early and speedy resolution of baseless claims." *In re Odebrecht Constr., Inc.*, 548 S.W.3d 739, 745 (Tex. App.—Corpus Christi 2018, orig. proceeding) (mem. op.). Thus, the denial of a Rule 91a motion to dismiss is subject to mandamus review. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam) (reviewing denial of Rule 91a motion to dismiss and concluding mandamus relief appropriate to spare the parties and the public the time and money spent on fatally flawed proceedings); *In re Wood Group PSN Inc.*,

04-18-00418-CV, 2018 WL 4760139, at *2 (Tex. App.—San Antonio Oct. 3, 2018, orig. proceeding) (mem. op.) (reviewing denial of motion to dismiss filed by twenty defendants); *but see HMR Funding*, 561 S.W.3d at 666 (concluding relator had adequate remedy from denial of Rule 91a motion because HMR Funding had already twice appealed the June 13, 2017 order to this court; therefore, "[i]ts mandamus will not spare the litigants or the public any wasted time or money"); *see also ConocoPhillips Co. v. Koopmann*, 547 S.W.3d 858, 880 (Tex. 2018) (not an original proceeding, but noting, "Burlington could have challenged the trial court's denial of its motion to dismiss at the time it was denied" and citing to *Essex Ins.*, 450 S.W.3d at 526).

## CONCLUSION

We conditionally grant relator's petition for writ of mandamus in part and order the trial court to (1) withdraw its January 25, 2019 "Order on Motion to Dismiss," and (2) enter an order granting relator's Rule 91a motion to dismiss Longoria's breach of contract claim. We deny mandamus relief challenging the trial court's denial of relator's Rule 91a motion to dismiss Longoria's negligent-failure-to-settle claim. Because the trial court's January 25, 2019 order awarded Longoria attorney's fees and because we grant the petition for writ of mandamus in part, we further order the trial court to reconsider its award of attorney's fees. The writ will issue only in the event we are notified the trial court fails to comply within fifteen days from the date of this opinion.

Patricia O. Alvarez, Justice