

# NUMBER 13-19-00269-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

EDINBURG HOUSING AUTHORITY,
DR. MARTIN CASTILLO,
GABRIEL SALINAS, SIMON GARZA,
MARISSA CHAVANA, AND
JUAN GUZMAN,                                              Appellants,

v.

RODOLFO RAMIREZ,                                          Appellee.

On appeal from the 92nd District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Silva**
**Memorandum Opinion by Justice Hinojosa**

In this interlocutory appeal, Appellants, the Edinburg Housing Authority (the

Housing Authority) and Dr. Martin Castillo, Gabriel Salinas, Simon Garza, Marissa

Chavana, and Juan Guzman (the Commissioners) contend the trial court erred when it failed to grant their Rule 91a motion to dismiss appellee Rodolfo Ramirez's claims against them. By two issues, appellants contend the trial court should have dismissed Ramirez's due process of law, equal protection, and breach of contract claims against them in their (1) official capacities and (2) individual capacities. We reverse and remand.

## I. BACKGROUND

Ramirez signed a three-year employment contract with the Housing Authority to be its Executive Director on June 12, 2015. On May 26, 2017, the Housing Authority's Commissioners voted to extend Ramirez's original contract for another three years, extending his term until April 1, 2021. On December 17, 2018, however, after deliberating in an executive session, the Commissioners voted to terminate Ramirez at a board meeting.

Ramirez sued the Housing Authority and its Commissioners, claiming he was fired without explanation or cause. He asserted the following causes of action in his petition: (1) breach of contract, (2) violations of the Texas Constitution's due course of law provision and (3) equal rights protections, and (4) a declaratory judgment. The Housing Authority and its Commissioners responded with a general answer asserting that they had immunity as a governmental unit. In addition, the Commissioners asserted that they were not liable in the capacity in which they had been sued. The Commissioners subsequently filed special exceptions to determine if Ramirez was suing them in their official capacities, their individual capacities, or both. Ramirez filed a response to the special exceptions, indicating he was planning to withdraw his claim for declaratory

2

judgment but reaffirming his intent to sue the Commissioners in both capacities.

Appellants then jointly filed a Rule 91a motion to dismiss on May 2, 2019, that reiterated their claims of immunity and challenged the trial court's subject matter jurisdiction. Ramirez filed a response to the motion to dismiss on May 28, 2019. He also filed an amended petition on May 31, 2019, formally withdrawing his declaratory judgment action but otherwise maintaining his two constitutional claims and the claim for breach of contract against appellants. After a hearing on June 4, 2019 on appellants' Rule 91a motion to dismiss, the trial court denied the motion on June 7, 2019.[1] This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

## II. APPELLATE JURISDICTION

This court has jurisdiction over this interlocutory order under § 51.014(a)(8) of the civil practices and remedies code. *See id*. This statute provides that "a person may appeal from an interlocutory order of a district . . . denies a plea to the jurisdiction by a governmental unit." *Id*. Governmental immunity deprives a trial court of jurisdiction over lawsuits in which the State's political subdivisions have been sued. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012). Because the Housing Authority is considered a unit of government under the local government code, it is entitled to governmental immunity. *See* TEX. LOC. GOV'T CODE ANN. § 392.006 ("[A] housing authority is a unit of government and the functions of a housing authority are essential governmental functions and not proprietary functions."); *Garcia*, 372 S.W.3d at 636. In the same vein, the Texas Supreme Court has recognized that "[a] person sued in an

---

[1] The appellate record does not include a reporter's record from this hearing.

3

official capacity should be able to appeal the denial of a jurisdictional plea in the same way as his employing governmental unit because both defendants' interest in pleading sovereign immunity are identical." *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 845 (Tex. 2007).

As it relates to this case, appellate courts have also held that a governmental unit may appeal the denial of a Rule 91a motion that challenges the trial court's subject matter jurisdiction under § 51.014(a)(8). *See Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 603-07 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.); *see, e.g., City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 823 (Tex. App.—Austin 2014, no pet.) (concluding that the appellate court had jurisdiction in interlocutory appeal from denial of a Rule91a motion because "the Rule 91a motion was used to challenge the trial court's subject-matter jurisdiction and therefore effectively constitutes a plea to the jurisdiction.").

The Commissioners suggest, however, that they cannot rely on § 51.014(a)(8) to pursue an interlocutory appeal of the trial court's refusal to dismiss the claims brought against them in their individual capacities. That is because the individuals themselves are not governmental units. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8). Citing *Ware v. Miller*, the Commissioners note that while the denial of the plea to the jurisdiction they asserted in their official capacities is a proper issue for this court to consider on interlocutory appeal, the denial of the challenges asserted by them in their individual capacities "is not something we may review in this interlocutory appeal." 82 S.W.3d 795, 800 (Tex. App.—Amarillo 2002, pet. denied). Accordingly, the Commissioners have requested mandamus relief from the order denying the Rule 91a motion insofar as that

4

order relates to the claims directed at them individually. *See CMH Homes v. Perez*, 340 S.W.3d 444, 453–54 (Tex. 2011); *Jones v. Brelsford,* 390 S.W.3d 486, 497 n.7 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("[I]n an appropriate case, we may treat an appeal as a petition for writ of mandamus, and an appellant who specifically requests that her appeal be treated as a mandamus petition invokes this Court's original jurisdiction.").

We conclude, however, that we do have interlocutory appellate jurisdiction over the Commissioners' individual claims and that we need not resort to a mandamus review. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(5). Section 51.014(a)(5) of the civil practice and remedies code allows interlocutory appeal for the denial of a "motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." *See id*. And even though this appeal arises from a Rule 91a motion and not a summary judgment motion, under the *Reaves* line of authority, we have appellate jurisdiction over claims asserted in a Rule 91a motion that challenge the trial court's subject matter jurisdiction. *See Reaves*, 518 S.W.3d at 603-07); *City of Austin*, 431 S.W.3d at 823. Having resolved the question of jurisdiction, we proceed to the remainder of our opinion.

### III. STANDARD OF REVIEW & APPLICABLE LAW

Texas Rule of Civil Procedure 91a provides a mechanism for dismissal of baseless claims. The rule provides as follows:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in the law if the allegations, taken as true, together with inferences reasonably drawn from them do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

5

TEX. R. CIV. P. 91a.1. "A motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." *Id*. R. 91a.2. The rule allows the responding party to either nonsuit or amend the challenged cause of action at least three days before the date of the hearing on the motion to dismiss. *See id.* R. 91a.5(a), (b). "The trial court may, but is not required to, conduct an oral hearing on the motion." *Id.* R. 91a.6. When ruling on the motion, "the court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by" the rules of civil procedure. *Id.*; *see City of Dallas v. Sanchez*, 494 S.W.3d 722, 725 (Tex. 2016) (per curiam).

Appellate courts review a trial court's ruling on a Rule 91a motion under a de novo standard. *See City of Dallas*, 494 S.W.3d at 724–25*; In re Odebrecht Constr., Inc*., 548 S.W.3d 739, 745–46 (Tex. App.—Corpus Christi–Edinburg 2018, orig. proceeding) (op. on reh'g). "We apply a de novo standard because the availability of a remedy under the facts alleged is a question of law and the rule's factual-plausibility standard is akin to a legal-sufficiency review." *See City of Dallas*, 494 S.W.3d at 725; *In re Odebrecht Constr., Inc.*, 548 S.W.3d at 746.

## IV. OFFICIAL CAPACITY CLAIMS

By their first issue, appellants claim the trial court erred when it failed to grant their Rule 91a motion on the claims against them in their official capacity. First, with regard to due process of law and equal protection claims (the constitutional claims), they argue: (1)

6

Ramirez only requested monetary damages for the alleged constitutional violations, which are not allowed by law, and (2) Ramirez failed to state a viable claim because he did not allege he was a member of a protected class. Second, regarding the breach of contract claim, appellants contend Ramirez did not properly plead for damages as authorized by § 271.153 of the local government code, thus failing to invoke the statutory waiver of immunity. We address each point in turn.

## A.     Constitutional Claims

### 1.  Applicable Law

Appellants contend the trial court should have dismissed Ramirez's due course of law and equal protection causes of action because Ramirez only sought monetary damages for these alleged violations, while constitutional claims can only afford equitable relief. "[S]uits brought pursuant to constitutional provisions are limited to equitable relief and do not allow a claim for monetary damages except to the extent specifically enunciated in the constitutional provision." *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 149 (Tex. 1995); *Nueces County v. Ferguson*, 97 S.W.3d 205, 217 (Tex. App.—Corpus Christi–Edinburg 2002, no pet.); *see also Ambrose v. City of Brownsville*, No. 13-15-00039-CV, 2016 WL 1732194, at *2 (Tex. App.—Corpus Christi–Edinburg Apr. 28, 2016, no pet.) (mem. op.) (holding a trial court lacked subject-matter jurisdiction when the plaintiff pleaded a due process violation and only sought monetary relief).

Texas case law further explains that constitutional claims that would not allow a plaintiff to recover monetary damages from a governmental entity would similarly not allow recovery of these damages from a public official:

7

We realize that *Bouillion* literally addressed only the question whether a governmental entity may be sued for damages under the Texas Constitution. It did not involve the related question whether individual public officials may be personally sued for damages for violating an express Texas Constitution provision. However, we believe that the logic of *Bouillion* applies with equal force to a claim under the Texas Constitution against an individual public official. In other words, because the history and text of the Texas Constitution do not support such a claim against a governmental entity, it necessarily does not allow a damages action against a public official.

*Univ. of Tex. Sys. v. Courtney*, 946 S.W.2d 464, 471 (Tex. App.—Fort Worth 1997, writ denied) (internal citations removed).

**2. Analysis**

Here, Ramirez first argued that the appellants' termination of his employment contract violated his rights under the Texas Constitution's due course of law provision. *See* TEX. CONST., art. I, § 19. This provision provides that "no citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by due course of the law of the land." *Id.* Ramirez further contended that appellants violated his rights under the Texas Constitution's equal protection provisions. *See id.* art. I, §§ 3, 3a. Article I, § 3 of the Texas Constitution establishes that, "all free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services." *Id.* art. I, § 3. Section 3a sets forth that "equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin." *Id.* art. I, § 3a. By their plain reading, none of these constitutional provisions "specifically enunciate" a claim for monetary damages. *City of Beaumont*, 896 S.W.2d at 149; *Ferguson*, 97 S.W.3d 217; *see also Ambrose*, 2016 WL 1732194, at *2. Therefore, because Ramirez only

8

requested monetary damages in his pleadings, he has failed to state a claim waiving the Housing Authority and the Commissioners' governmental immunity. *See City of Beaumont*, 896 S.W.2d at 149; *Courtney*, 946 S.W.2d at 471.

Ramirez responds that he requested equitable relief in his prayer, claiming he generally prayed for "such other and further relief to which Plaintiff[] [is] justly entitled at law and in equity." Upon review of his first amended petition, however, we do not encounter this language. Instead, we see that Ramirez only pled for "judgment against Defendants for its actual damages as specified in the contract, in a sum in excess of the minimum jurisdiction of this Court", pre- and post-judgment interest, costs of suit, attorney's fees, and "general relief and all damages to which Plaintiff is entitled." Citing *Cruz v. Ghani*, Ramirez also claims that his "claims for back monetary funds [are] in the nature of disgorgement" which "are an equitable remedy" and that "this is precisely what [he] pled for." *See* No. 05-17-00566-CV, 2019 WL 3968481, at *19 (Tex. App.—Dallas Dec. 13, 2018, pet. denied) (mem. op.) (defining "disgorgement" as "an equitable forfeiture of benefits wrongfully obtained"). Again, however, Ramirez did not pray for or request "disgorgement" damages or any other kind of equitable remedy in his most recent petition.

In sum, Ramirez's constitutional claims should have been dismissed because they sought only the recovery of monetary damages. *See City of Beaumont*, 896 S.W.2d at 149; *Ferguson*, 97 S.W.3d 217; *see also Ambrose*, 2016 WL 1732194, at *2. Accordingly, the trial court was without subject-matter jurisdiction to consider these causes of action. *See City of Beaumont*, 896 S.W.2d at 149. Because the resolution of this issue is

9

dispositive of Ramirez's constitutional claims against the Housing Authority and its Commissioners in their official capacity, we need not address Ramirez's other argument for why these claims warrant dismissal. *See* TEX. R. APP. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

## B. Breach of Contract Claim

### 1. Applicable Law

Appellants further claim the trial court should have granted their jurisdictional challenge to the breach of contract claim because Ramirez's petition did not invoke the statutory waiver of immunity under Texas Local Government Code § 271.152. *See* TEX. LOC. GOV'T CODE ANN. § 271.152. Section 271.152 provides as follows:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

*Id*. A "[c]ontract subject to this subchapter" means "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." *Id.* § 271.151(2)(A); *see also La Joya Indep. Sch. Dist. v. Trevino*, No. 13-17-00333-CV, 2019 WL 1487358, at *4 (Tex. App.—Corpus Christi–Edinburg Apr. 4, 2019, no pet.) (mem. op.). The statute's plain language waives a governmental entity's immunity from suit for breach of a written contract. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011); *see also Trevino*, 2019 WL1487358, at *4.

10

To trigger § 271.152's waiver of immunity, though, a party must claim damages within the limitations set out in § 271.153. *Zachry Const. Corp. v. Port of Hous. Auth. of Harris Cty.*, 449 S.W.3d 98, 110–11 (Tex. 2014) ("[Chapter 271] does not waive immunity from suit on a claim for damages not recoverable under Section 271.153"); *see also Trevino*, 2019 WL 1487358, at *4. As relevant here, § 271.153 limits recoverable damages to "the balance due and owed by the local governmental entity under the contract[.]" TEX. LOC. GOV'T CODE ANN. § 271.153(a)(1); *see also Trevino*, 2019 WL 1487358, at *4. A "balance due and owed" is "simply the amount of damages for breach of contract payable and unpaid." *Zachry*, 449 S.W.3d at 111. In addition, § 271.153(b)(1) precludes recovery of consequential damages "except as expressly allowed under Subsection (a)(1)." *Id.* § 271.153(b)(1); *Zachry*, 449 S.W.3d at 106.

### 2. Analysis

The Housing Authority and its Commissioners argue that Ramirez did not invoke the waiver of statutory immunity because he did not specifically plead for "the balance due and owed by the local governmental entity under the contract . . ." *See* TEX. LOC. GOV'T CODE ANN. § 271.153(a)(1). Instead, in his pleadings, Ramirez reported damages for "current and future financial loss job security, past and future loss of reputation, and severe emotional distress to Plaintiff which continues and is ongoing." Further, Ramirez's prayer requested "judgment against Defendants for [his] actual damages as specified in the contract, in a sum in excess of the minimum jurisdiction of this Court," as well as pre- and post-judgment interest, costs of suit, attorney's fees, and "general relief and all damages to which Plaintiff is entitled."

11

The Texas Supreme Court's opinion in *Tooke v. City of Mexia* guides our analysis. *See* 197 S.W.3d 325 (Tex. 2006). In that case, the Tookes signed a three-year contract with the City of Mexia (the City) to furnish labor and equipment for collecting brush and leaves curbside within the City. *Id*. at 329. After fourteen months, however, the City notified the Tookes that it had exhausted its budget for these services. *Id*. at 330. The City eventually notified the Tookes that it was "'discontinuing' the contract for lack of funding." *Id*. The Tookes sued the City for breach of contract, alleging they had relied on the three-year commitment when purchasing equipment. *Id*. They claimed lost profits and attorney's fees, among other unspecified damages. *Id*. The trial court ruled in favor of the Tookes and the City appealed. *Id*. While the appeal was pending, the Texas Legislature enacted §§ 271.151–.160 of the local government code. *Id.* The appellate court determined that the statute's waiver of immunity was retroactive and covered the claims raised by the Tookes. *Id.* It also concluded, however, that the damages awarded to the Tookes were not allowed by the statute. *Id.*

The court noted that the Tookes did not claim that the City failed to pay for work they had already performed; rather, they sought recovery only for lost profits they would have made had the contract remained in place. *Id*. at 346. It categorized the Tookes' damages as "consequential damages excluded from recovery under [§ 271.153]." *Id.* The Court explained that even though the Tookes' contract claim fell within § 271.152, the City's immunity from suit was not waived because the Tookes did not claim damages within § 271.153's limitations. *Id.*

12

Here, like the *Tooke* plaintiffs, Ramirez does not claim that the Housing Authority and its Commissioners failed to pay him for work he completed as the Housing Authority's Executive Director. Rather, Ramirez seeks recovery of the wages he would have earned had his employment contract continued through the end of its extended term. Under *Tooke*, these future wages would be considered "lost profits," which are "consequential damages excluded from recovery" under § 271.153 of the local government code. *See Tooke*, 197 S.W.3d at 346; *City of Houston v. Petroleum Traders Corp.*, 261 S.W.3d 350, 359 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (declining plaintiff's invitation to depart from *Tooke's* treatment of lost profits, noting that the Texas Supreme Court held that lost profits are consequential damages excluded from recovery under § 271.153); *cf, City of Pearsall v. Tobias*, 533 S.W.3d 516, 526 (Tex. App.—San Antonio 2017, pet. denied) (holding that, in a city employment contract with a severance clause stipulating the city would pay "a cash payment, equal to one year's salary or the balance term of this agreement, whichever is less, plus any accrued leave" if the employee was "involuntarily terminated" or "suspended," the severance pay triggered by the contract's early termination was a balance "due and owing" under § 271.153); *City of Carrizo Springs v. Howard*, No. 04-18-00061-CV, 2018 WL 2943795, at *1 (Tex. App.—San Antonio June 13, 2018, no pet.) (mem. op.) (concluding that a "severance pay provision" which was invoked when the city prematurely ended an employment contract invoked the statutory waiver of immunity under § 271.153). Ramirez's other damages, including "current and future financial loss job security, past and future loss of reputation, and severe emotional distress," are also considered consequential damages and are not recoverable under the

13

statute. *See* TEX. LOC. GOV'T CODE ANN. § 271.153(b).

In light of the foregoing analysis, we conclude Ramirez's pleadings do not invoke chapter 271's limited statutory waiver of immunity for the breach of this employment contract claim.

## C. Conclusion

We sustain the appellants' first issue regarding the claims against the Housing Authority and the Commissioners in their official capacities.

### V. INDIVIDUAL CAPACITY CLAIMS AGAINST THE COMMISSIONERS

By their second issue, the Commissioners claim the trial court erred when it failed to grant their Rule 91a motion on the causes of action raised against them in their individual capacity because (1) constitutional claims cannot be brought against private actors and (2) Ramirez's contract was with the Housing Authority, not with the Commissioners individually.

## A. Constitutional Claims

The Commissioners contend that Ramirez's alleged violations of the due course of law and equal rights protections cannot be brought against them as private actors. We agree. To maintain a due course of law claim, the plaintiff must identify a liberty or property interest that is entitled to governmental protection. *See Nat'l Collegiate Athletic Ass'n v. Yeo,* 171 S.W.3d 863, 870 (Tex. 2005) (dismissing due process claim because plaintiff asserted no interest protected by article I, § 19 of the Texas Constitution); *Tex. A & M Univ. Sys. v. Luxemburg*, 93 S.W.3d 410, 420 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) ("Due course of law exists to prevent the *State* from depriving persons of liberty

14

and property without notice and hearing.") (emphasis added).

Here, Ramirez attempts to enforce constitutional rights against the Commissioners in their individual capacities. Because the individual commissioners are not the State or an entity thereof, these claims cannot stand. *See id*. The Commissioners, as private actors, were entitled to have Ramirez's due course of law and equal protection causes of action asserted against them dismissed for lack of basis in law.[2] *See* TEX. R. CIV. P. 91a.

## B.    Breach of Contract Claim

The Commissioners assert "there is no contention that the Commissioners, in their individual capacities, are parties to [Ramirez's] contract." The appellate record does not include a copy of Ramirez's employment contract. However, in his first amended petition, Ramirez pleaded the following:

> Plaintiff, [Ramirez], has been an employee of the Defendant, [the Housing Authority] for over 7 years. On June 12, 2015, Mr. Ramirez signed a three-year renewal Contract of Employment (herein referred to as the "Contract") with Defendant, securing his position as the Executive Director.

Based on a plain reading of his pleadings, Ramirez indicates that he signed an employment contract with the Housing Authority and not with any individual commissioners.

"Breach of contract requires pleading and proof that (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as

---

[2] Ramirez's brief also made an argument that 42 U.S.C. § 1983 "authorizes claims against those official in their individual capacity for compensatory and punitive damages." However, Ramirez did not plead a cause of action under § 1983 in his first amended petition. Accordingly, because this issue was not before the trial court, we have no jurisdiction to review it. *See Garza v. Harrison*, 574 S.W.3d 389, 405 (Tex. 2019) (holding that legal issues raised for the first time on appeal are waived).

15

contractually required; and (4) the plaintiff sustained damages due to the breach." *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019). Here, the Commissioners contest the first element: that no valid contract exists between Ramirez and the individual Commissioners. *See id.*; *Mission Grove, LP v. Hall*, 503 S.W.3d 546, 551–52 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("As a general rule, a suit for breach of contract may not be maintained against a person who is not a party to the contract."). We agree with the Commissioners that Ramirez's breach of contract claim against them in their individual capacities should have been dismissed.

## C.    Conclusion

In sum, we conclude the constitutional claims and the breach of contract claim should have been dismissed against the Commissioners as individuals. We sustain this issue.[3]

## VI.    OPPORTUNITY TO AMEND PLEADINGS

Ramirez claims that, should this court conclude that his causes of action are deficient, he should have the opportunity to replead his causes of action on remand.

## A.    Applicable Law

Texas law provides that if a plaintiff's pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the plaintiff should be permitted to replead. *Tex. Dep't of*

---

[3] Ramirez's response brief also argued that his declaratory action was proper. He argues that he "seeks a declaration that the [appellants] specifically acted outside their Housing Authority under the contract's clear due process requirements." However, Ramirez withdrew his request for declaratory action in his first amended petition, before the trial court ruled on the Rule 91a motion to dismiss. Accordingly, this issue was not before the trial court and has been waived on appeal. *See id.*

*Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). On the other hand, if the pleadings affirmatively negate the existence of jurisdiction, then a plaintiff is not entitled to replead. *Id.* at 227. In addition, "[i]f a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action." *Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004); *see Miranda*, 133 S.W.3d at 231 (holding that the parties had opportunity to amend their pleadings and were not entitled to another opportunity to replead).

## B.      Analysis

At the outset, we note that Ramirez filed a response to the appellants' special exceptions in addition to a first amended pleading. In both the response and the first amended petition, Ramirez indicated that he was withdrawing his claim for declaratory judgment but otherwise still asserting the same constitutional and breach of contract causes of action against the Housing Authority and the Commissioners in both their official and individual capacities. Ramirez therefore had the opportunity to replead his damages and request equitable relief for the alleged constitutional violations, but he did not do so. *See Sykes*, 136 S.W.3d at 639; *Miranda*, 133 S.W.3d at 231. He also had the opportunity to plead for damages that would invoke the statutory waiver of immunity under § 271.153 for his breach of contract claim, but this did not occur. *See* Tex. Loc. Gov't Code Ann. § 271.153(a)(1). We conclude that Ramirez need not be given an additional opportunity to replead on remand.

## VII.  ATTORNEY'S FEES

Under Rule 91a, "the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court." TEX. R. CIV. P. 91a.7. Because we have sustained the Housing Authority and the Commissioners' issues, we conclude they are entitled to attorney's fees under the statute.

## VIII.  CONCLUSION

We reverse and remand with instructions to grant the Rule 91a motion, and for proceedings consistent with this opinion.

LETICIA HINOJOSA
Justice

Delivered and filed on the
25th day of February, 2021.

18